DICTOGRAPH PRODUCTS, Inc. v. KENTWORTH CORPORATION.

Civ. No. 1328.

District Court, W. D. Kentucky, at Louisville.

Oct. 23, 1947.

Henry Hopson and Woodward, Dawson, Hobson & Fulton, all of Louisville, Ky., for plaintiff.

Mortimer Viser and Davis, Boehl, Viser & Marcus, all of Louisville, Ky., for defendant.

SHELBOURNE, District Judge.

This case is before the Court on defendant's motion to strike plaintiff's pleadings, as provided in subsection (d) Rule 37, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and in my opinion, defendant's motion should be sustained.

On May 9, 1947, Dictograph Products Inc., a corporation, in the State of New York, sued defendant, Kentworth Corporation, a Kentucky corporation, to recover for certain goods and merchandise sold to defendant.

On June 2nd, thereafter, defendant filed its answer and counterclaim denying that it was indebted to plaintiff and by counterclaim seeking to recover $117.92 alleged to have been incurred by defendant in the payment of freight charges in returning the merchandise alleged to have failed in meeting the representations made by plaintiff prior to and at the time of the original sale.

Plaintiff's reply filed June 30th completed the pleadings.

On October 3, 1947, defendant served upon plaintiff's counsel a notice that, on the 13th day of October 1947, in the office of defendant's counsel at Louisville, Kentucky, the depositions of W. L. Byrd and Walter Scott Lefevre, officers of the plaintiff, would be taken.

On October 13th, the defendant filed the pending motion, to which was attached affidavit of plaintiff's counsel, to the effect that neither of the witnesses named in the notice appeared pursuant to the notice, for the purpose of giving their depositions.

A hearing was had upon the motion and notice had and plaintiff has filed a motion requesting the Court to modify the notice to take the depositions served on October 3rd, to the extent that the Court is requested to require the deposition of W. L. Byrd to be taken upon interrogatories, or, if the Court should permit the deposition to be taken orally, to require that the place of the taking be fixed by the Court as at the residence of the corporation in New York City, and finally asks, if the Court should require the deposition to be taken orally in Louisville, Kentucky, to allow sufficient time for the production of the witness.

With this notice, is filed the affidavit of counsel that W. S. Lefevre, referred to in defendant's notice, as an officer of the company, is not such officer, nor was he connected with the corporation in any manner whatsoever on the 3rd day of October 1947.

The notice appears to have been given pursuant to subsection (a) Rule 30, Federal Rules of Civil Procedure. Subsection (d) of Rule 37 provides that—"If a party or an officer or managing agent of a party wilfully fails to appear before the officer who is to take his deposition, after being served with a proper notice * * * the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party."

There could be no doubt but what the officers of the plaintiff failed to appear. The rules afforded to plaintiff an opportunity to have the Court, on motion, change the place designated in the notice and plaintiff could, at that time, have raised the question which it now seeks to raise; to wit, that the Court should not require the witnesses to come from their home in New York City to Louisville, Kentucky, for the purpose of giving their depositions.

No reason is assigned why the notice provided in subsection (b) Rule 30 was not given and why the witness Byrd was not present.

The rules do not contemplate that a party may wait until after the date designated by the opposing party for the taking of the deposition to ask a modification of the terms of the notice by the Court. That section provides that motion must be seasonably made and I interpret that to mean made before the date designated in the notice for the taking of the deposition.

It seems to me, therefore, that defendant is entitled to invoke the penalty provided for in subsection (d) Rule 37 and

accordingly, it is ordered that plaintiff's pleadings be stricken, which is in effect an order of dismissal, without prejudice, of plaintiff's petition, which is accordingly ordered.