**LOOSLEY v. STONE et al.**

No. P–1529.

United States District Court
S. D. Illinois, N. D.
April 26, 1954.

374

Sol. R. and I. S. Friedman, Chicago, Ill., Joseph R. Rosborough, E. Moline, Ill., for plaintiff.

Sollo, Graham & Califf, Robert G. Graham, Moline, Ill., for defendants.

ADAIR, District Judge.

This case is before the court on defendants' motion to dismiss the complaint for failure of plaintiff to appear for the taking of her discovery deposition as provided in subsection (d), Rule 37, Federal Rules of Civil Procedure, 28 U.S.C.A.

On January 20, 1954, Marguerite Loosley, a resident of the city of Los Angeles, California, sued defendants, Helen Loosley Stone and Charles Newhall Stone, residents of the city of Moline, Illinois, alleging that the defendants had alienated the affections of her husband, Frederick Edwin Loosley, and asking damages in the sum of $500,000. Various pleadings were thereafter filed by the defendants, directed to the complaint, which are still pending and undisposed of.

On February 4, 1954, defendants' counsel served upon plaintiff's counsel a notice requesting the presence of plaintiff for the taking of her discovery deposition upon oral interrogatories on the 19th day of February, 1954, in the office of defendants' counsel at Moline, Illinois.

Thereafter; to-wit, On February 20, 1954, defendants' counsel served upon plaintiff's counsel another notice requesting presence of the plaintiff for the taking of her discovery deposition upon oral interrogatories on the first day of March, 1954, at the office of Don A. Ladenberger at Los Angeles, California, the residence of the plaintiff.

On April 7, 1954, defendants filed the pending Motion to Dismiss the Complaint to which was attached affidavits of defendants' counsel and notary public to the effect that plaintiff did not appear pursuant to either notice for the purpose of giving her deposition, although defendants' counsel were present and ready to proceed.

■ No counter-affidavits having been filed or evidence offered by plaintiff upon the hearing of this motion in contradiction to the allegations of defendants' Motion or defendants' affidavits thereto attached, such allegations and affidavits must be taken as established facts in this proceeding, accordingly upon the record it is obvious that plaintiff willfully failed to appear at both depositions.

■ The notices appear to have been given pursuant to subsection (a), Rule 30, Federal Rules of Civil Procedure. That section provides as follows:

"A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. The notice shall state

the time and place for taking the deposition and the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify him or the particular class or group to which he belongs. On motion of any party upon whom the notice is served, the court may for cause shown enlarge or shorten the time."

No motion was filed by plaintiff to enlarge the time for the taking of either deposition.

Subsection (b), Rule 30, Federal Rules of Civil Procedure provides as follows:

"After notice is served for taking a deposition by oral examination, upon motion seasonably made by any party or by the person to be examined and upon notice and for good cause shown, the court in which the action is pending may make an order that the deposition shall not be taken, or that it may be taken only at some designated place other than that stated in the notice * * * or the court may make any other order which justice requires to protect the party or witness from annoyance, embarrassment, or oppression."

Here again, no motion was filed by plaintiff asking that either deposition be not taken or that they be taken at some other place.

As above noted, it is evident that plaintiff failed to appear at either deposition. It is likewise evident that if plaintiff was not satisfied with the time and place of the depositions the rules afforded her an opportunity to have the court, on motion, change the time and the place designated in the notices.

The rules do not contemplate that a party may wait until after the date designated by the opposing party for the taking of the deposition to ask a modification of the terms of the notice by the court. Subsection (b), Rule 30, Federal Rules of Civil Procedure, provides that a motion thereunder must be seasonably made, which, if the rule is to have any meaning at all, must mean before the date designated in the notice for the taking of the deposition. Such interpretation was arrived at in the case of Dictograph Products, Inc., v. Kent-Worth Corporation, D.C.1947, 7 F.R.D. 543. In addition, it should be noted that at the time of the hearing in the instant proceedings no motion under subsections (a) and (b) had even then been filed by plaintiff.

█ It was urged upon the hearing of this motion by counsel for plaintiff that plaintiff was under no duty to appear at the taking of her deposition for the reason that she was not served with a subpoena. The law is quite settled that such a contention is untenable. In Peitzman v. City of Illmo, 8 Cir., 1944, 141 F.2d 956, at pages 960 and 961 it is stated in the opinion of the court:

"Service of the notice upon the attorney for defendants was all that was required to make it incumbent upon the parties to appear. Spaeth v. Warner Bros. Pictures, Inc., D.C. S.D.N.Y., 1 F.R.D. 729, 730. In Spaeth v. Warner Bros. Pictures, Inc., supra, District Judge Hulbert, in the course of his opinion, says:

" 'It is not necessary to serve a subpoena *on a party*. A remedy upon his failure to appear, is a motion to strike out his pleading. Rule 37(d).'

"(3) Defendants urge that the order in fact punishes them for contempt of court, but there is a distinction between striking a pleading as punishment for contempt of court and striking it for violation of a rule of procedure. Hammond Packing Co. v. State of Arkansas, 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530, 15 Ann.Cas. 645. Rule 37(d) recognizes this distinction and provides that parties to an action who wilfully fail to attend and submit to examination on proper notice to take

their depositions, become subject to the exercise of the power vested in the trial court to strike their pleadings and to enter judgment by default."

Plaintiff having wilfully failed to appear, it is the opinion of this court that defendants are entitled to invoke the penalty provided for in subsection (d), Rule 37, Federal Rules of Civil Procedure, which provides as follows:

"If a party or an officer or managing agent of a party wilfully fails to appear before the officer who is to take his deposition, after being served with a proper notice, * * the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or proceeding or any part thereof, or enter a judgment by default against that party."

Accordingly, it is ordered that plaintiff's pleadings be stricken and suit dismissed.