**Zacharias C. PIERRE, Plaintiff,**

v.

**BERNUTH, LEMBCKE CO., Inc.,
Defendant.**

United States District Court
S. D. New York.
March 22, 1957.

Paul C. Matthews, New York City, for plaintiff.

Hill, Betts & Nash, New York City, for defendant.

DIMOCK, District Judge.

Defendant, Bernuth, Lembcke Co., Inc., moves pursuant to Rule 37(d), F.R.Civ.P. to dismiss the complaint for failure of plaintiff to appear for oral examination pursuant to notice. Plaintiff, Zacharias C. Pierre, moves pursuant to Rule 30(b), F.R.C.P. to vacate defendant's notice for examination before trial or, in the alternative, for a direction that the examination be taken only by written interrogatories.

Plaintiff instituted this action to recover damages for personal injuries alleged to have been sustained as a result of an assault upon him by an officer of the defendant's vessel. The action was begun on November 5, 1948. Defendant examined plaintiff before trial on April 11, 1949. Plaintiff was committed to a mental institution in 1951. On May 22, 1953, this action was dismissed for want of prosecution. Plaintiff was discharged from the mental institution in July, 1955, and then deported to Trinidad. The order of May 22, 1953 dismissing the action was vacated on December 31, 1956, 20 F.R.D. 116, and the case was restored to the jury calendar for trial.

The general rule is that a plaintiff must make himself available for examination before trial in the forum he has chosen. Irwin Co., Inc., v. Tide Pub. Co., Inc., D.C.S.D.N.Y., 13 F.R.D. 18. However, defendant's preference to examine plaintiff must be weighed against his actual need for oral examination and the burden on his opponent. Hyam v. American Export Lines, 2 Cir., 213 F.2d 221.

Plaintiff is a seaman, whose deposition was taken by defendant in 1949. Defendant noticed the deposition now in question to inquire into plaintiff's subsequent family and personal history. In addition defendant will be entitled to a medical examination of plaintiff which cannot practicably be conducted in Trinidad. That means that he must come to New York well in advance of the trial and at that time his oral deposition will be taken. The case cannot be put upon the Assignment Calendar until those proceedings have been completed, but in the present current state of the Court's work the waiting period before trial is not substantial.

The motion to dismiss the complaint is denied and the motion to vacate defendant's notice of examination is granted, on condition in both cases that plaintiff present himself for examination in New York within 60 days from the date of the appearance of a note of this decision in the New York Law Journal. In the event of failure to do so the motion to dismiss will be granted.

Counsel for plaintiff may exhibit this memorandum to the judge presiding in the Assignment Part as my request that plaintiff be accorded as early a trial as convenient.