**George SCARLATOS, Plaintiff,**

v.

**Emanuel KULUKUNDIS and Mar Trade Corporation, Defendants.**

United States District Court
S. D. New York.
July 25, 1957.

---

Lebovici & Safir, New York City, for plaintiff.

Kirlin, Campbell & Keating, New York City, for defendant Mar Trade Corp.

DIMOCK, District Judge.

Defendant, Mar Trade Corporation, moves pursuant to Rule 37(d), F.R.Civ. P. to dismiss the complaint for failure of plaintiff to appear for oral examination pursuant to notice.

Plaintiff, a Greek seaman, instituted this action in the Southern District of New York on August 1, 1956. Defendants answered on January 8, 1957. On February 7, 1957, defendant Mar Trade Corporation, served a notice to examine plaintiff by deposition on February 27, 1957. On February 13, 1957, plaintiff's attorneys notified defendant Mar Trade Corporation's attorneys by letter that, "Mr. Scarlatos was returned to Greece totally disabled and he is still there at the present time, we understand in the same condition. We will, therefore, be unable to produce him on the stated date".

Defendant makes the point that, since plaintiff permitted the date fixed for the examination to pass without making a motion under Rule 30(b), F.R.Civ.P. for relief, the court's only course is to dismiss the action. Defendant cites in support of this position O'Neill v. Blue Comet Cab Corp., D.C.S.D.N.Y., 21 F.R.D. 161; Dictograph Products v. Kentworth Corporation, D.C.W.D.Ky., 7 F.R.D. 543 and Loosley v. Stone, D.C.S.D.Ill.N.D., 15 F.R.D. 373. While the Kentucky and Illinois district cases do seem to point in that direction, I think they overlook the provision of Rule 6(b), F.R.Civ.P. that the court "for cause shown may at any time in its discretion * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect". While it is true that Rule 30(b) describes the motion by which relief against a notice of examination may be obtained as a "motion seasonably made" and that this probably contemplates a motion made before the return day of the notice, Rule 6(b) indicates that the passage of the day fixed for the examination does not inexorably commit the plaintiff to the dismissal of his case. Indeed, in O'Neill v. Blue Comet Cab Corp. the defendant was given leave to avert the striking of his answer by appearing for the taking of his deposition within 30 days from the entry of the order. That is the course that I have followed in a previous case, Pierre v. Bernuth, Lembcke Co., Inc., D.C.S.D. N.Y., 21 F.R.D. 194.

Defendant is entitled to an oral and physical examination of plaintiff in this district. The only question open is the time for the examination. Plaintiff should not be required to make two trips to this country or be kept here an inordinately long time between his examination and the trial. The calendar of this court is in such current state that if I were sure that nothing would remain to be done after the examination of plaintiff it would be safe to grant the motion unless he appeared for examination on a date fixed by me. Instead, I grant the motion unless plaintiff appears for examination in this district on a date within sixty days after both defendants have served notice on plaintiff's attorneys that all of the rest of their pre-trial procedure has been completed.

Counsel for plaintiff may exhibit this memorandum to the judge presiding in the Assignment Part as my request that plaintiff be accorded as early a trial as convenient.