**Silas STEPHENS, Jr., Plaintiff,**

v.

**SIOUX CITY AND NEW ORLEANS BARGE LINES, INC., a corporation, Defendant.**

**Civ. A. No. 13462-4.**

United States District Court

W. D. Missouri, W. D.

April 27, 1962.

Douglas Stripp (for Watson, Ess, Marshall & Enggas) Kansas City, Mo., for defendant.

BECKER, District Judge.

This is a suit for damages under the Jones Act, 46 U.S.C.A. § 688 and the General Maritime Laws in two counts. Plaintiff, a resident of Kentucky, sued the defendant corporation, a resident of Iowa, in the Western District of Missouri where defendant is alleged to have an office and its principal place of business at Kansas City, Missouri.

The record shows that defendant served timely notices to take plaintiff's deposition on three separate occasions, November 20, 1961, December 19, 1961, and January 6, 1962, but plaintiff failed to appear at any of these times, offered no excuse for failure to appear and failed to move for any protective order or other relief in connection therewith. There-

upon on January 10, 1962, defendant moved under Rule 37(d), F.R.Civ.P. 28 U.S.C.A. to dismiss this action or for judgment by default against plaintiff.

Thereafter on January 16, 1962, plaintiff's counsel filed a motion "to quash taking plaintiff's deposition," asserting that the defendant failed to give timely notice under Rule 30(a) of the time and place of taking plaintiff's deposition, and that under Rule 30 the defendant should be required to pay the expenses of plaintiff in the taking of plaintiff's deposition. The motion to quash taking of plaintiff's deposition prayed for an order requiring the defendant to give reasonable notice on the taking of plaintiff's deposition and also to provide plaintiff's expenses to attend the deposition.

Attached to the motion was an affidavit of plaintiff's counsel that plaintiff was an indigent, that the notices were served on the following dates: on December 11 for deposition on December 19; on December 30, 1961, for January 6, 1962. The affidavit of defendant's counsel establishes that the notice for deposition on November 20, was served November 14.

■ This "motion to quash" is not seasonably made. Rule 30(b); 4 Moore, Federal Practice, ¶ 30.05; 2A Barron & Holtzoff, Federal Practice and Procedure, § 715, p. 234, note 82; Dictograph Products v. Kentworth Corp. (W.D.Ky.) 7 F.R.D. 543; Loosley v. Stone, (S.D. Ill.) 15 F.R.D. 373.

■ The cavalier attitude of plaintiff's counsel in ignoring the three notices for deposition, and in failing to move for a protective order seasonably is evidence of a contempt for the processes of this Court which would justify dismissal or default judgment. Rule 37 (d); Dictograph Products v. Kentworth Corp., supra; Collins v. Wayland (C.A. 9th) 139 F.2d 677. Counsel has been guilty of inexcusable neglect.

If a motion for a protective order under Rule 30 had been seasonably made, sympathetic consideration would have been given to plaintiff's requests for allowance of expenses. Under the circumstances it will be denied.

However, it would not serve the interests of justice to dismiss this case for the neglect of his counsel. Therefore the motion for dismissal and for default will be overruled. Other means to protect the efficacy of the processes of this Court under the Rules will have to be explored if counsel do not respond to the obligations of the Rules.

The Courts cannot perform the functions necessary to administer justice if the attorneys, as officers of the Court, do not see that they and their clients respond to notices, requests, interrogatories and other processes authorized by the Rules of Civil Procedure. It is contemplated that the Rules of Civil Procedure will work, without intervention or action of the judge in ordinary simple actions such as this. Anyone who fails, without excuse, to respond to process of the Rules is impeding the administration of justice and will be held to account. It is

ORDERED that the plaintiff's motion to quash and for other relief be, and the same is hereby, overruled. It is further

ORDERED that the defendant's motion to dismiss or for default be, and the same is hereby, overruled. It is further

ORDERED that plaintiff's deposition be taken on fifteen days' notice at Kansas City, and that plaintiff appear in response to such notice or within five days of service of notice show cause in this Court why he should not be compelled so to appear.