**Jack POWELL, Plaintiff,**

**v.**

**INTERNATIONAL FOODSERVICE SYSTEMS, INC., Defendant.**

**Civ. No. 746–70.**

United States District Court,
D. Puerto Rico.

Feb. 22, 1971.

Baker & Woods, Santurce, P. R., for plaintiff.

González, Jr., González-Oliver, Blanco-Lugo & Morán, San Juan, P. R., for defendant.

ORDER

TOLEDO, District Judge.

On November 30, 1970, plaintiff in this action served notice that the oral deposition of Steven Sanford as President of defendant, International Foodservice Systems, Inc., would be taken on January 19, 1971. The defendant on January 5, 1971 moved to quash notice of deposition on the grounds that:

a) Deponent Steven Sanford did not reside in the jurisdiction of this Court; and

b) That plaintiff has failed to advance all reasonable expenses to be in-

curred by defendant herein in the production of said deponent.

A hearing was held on January 14, 1971 and the Court then requested memoranda on the question presented by defendant's motion as to whether a plaintiff who is a Puerto Rican resident, which brings suit for alleged breach of employment contract, may force the defendant's President to come from New York to Puerto Rico for the purpose of having its deposition taken in Puerto Rico by plaintiff's counsel.

As properly stated in defendant's brief, it has been consistently held that the proper place for taking the deposition of a corporate defendant, is the corporation's place of business or the residence of the officer to be deposed. Buryan v. Max Factor & Co., D.C., 41 F.R.D. 330; Mitchell v. American Tobacco Company, D.C., 33 F.R.D. 262; Haymes v. Columbia Pictures Corp., D.C., 16 F.R.D. 118.

■ Such general rule is nevertheless subject to modification when justice so requires. The location designated for the taking of a deposition is solely within the discretion of the court, thereby each application is to be considered on its own facts and equities. Branyan v. Koninklijke Luchtvaart Maatschappij, D.C., 13 F.R.D. 425; Tomingas v. Douglas Aircraft Co., D.C., 45 F.R.D. 94.

■ Whereby, the Court in considering the financial capacities of the parties and by their affidavits, comes to the conclusion that the disbursements by the defendant for producing Steven Sanford in Puerto Rico is no oppressive burden considering that defendant operates subsidiaries in Puerto Rico and Mr. Sanford, as stated in his own affidavit, takes frequent trips to Puerto Rico. Moreover, plaintiff's financial condition which, as indicated in his own affidavit amounts to a present bank balance in the amount of $257.00, reveals that it would be impossible for him to pay for the deponent's expenses.

Wherefore, the Court in the sound exercise of its discretion and considering that the interest of justice will best be served by an oral examination of the witness, rather than by any other alternative method of discovery, it is hereby ordered:

Defendant's petition to quash notice of deposition of Steven Sanford is denied.

Defendant is to produce in Puerto Rico Mr. Steven Sanford for the taking of his oral deposition in his capacity as President of defendant corporation and deponent is required to bring all books, records, papers, documents, etc. in connection with the claim which is the subject of this action.

Steven Sanford's deposition should be taken on one of his frequent trips to the Island so that the deposition would be scheduled to take place at such a time and in such a way that would be most convenient to Mr. Sanford and least disruptive to the activities he is now presently engaged in. But in no way his next trip to Puerto Rico should delay more than a month from today's date, unless an extension is granted by this Court upon good cause shown.

Defendant will notify in advance to plaintiff's attorney the date that Mr. Sanford will come to Puerto Rico, so that the necessary arrangements will be made as to date, time and place where deposition will be held.

If deponent fails to comply with this order, the Court further advances that sanctions will be imposed against defendant.