Robert M. BAKER and Harry E. Woods, d/b/a Baker & Woods, Plaintiffs,

v.

STANDARD INDUSTRIES, INC., Defendant.

Civ. No. 325–71.

United States District Court, D. Puerto Rico.

Jan. 5, 1972.

corporation executives and officers should be ordinarily taken at the principal place of business of the corporation. Such general rule is, nevertheless, subject to modification when justice so requires. Society of Independent Motion Picture Producers v. United Detroit Theatres Corp., D.C., 8 F.R.D. 453. The location designated for the taking of a deposition is solely within the discretion of the Court, thereby each application is to be considered on its own facts and equities. See this Court's decision in Jack Powell v. International Foodservice Systems, Inc., 52 F.R.D. 205, decided on February 22, 1971.

Rule 26(c) of the Federal Rules of Civil Procedure, is intended to prevent the deponent from being put to unnecessary trouble and expense by being required to travel a great distance to give his deposition. In the case herein, the defendant, Standard Industries, Inc., operates in Puerto Rico a number of wholly owned subsidiaries and the officers, directors and agents of the defendant continuously travel to Puerto Rico. Therefore, the undue burden or expense criteria for a protective order is not applicable in this case.

The Court's discretion relative to changing place for the taking of deposition usually is based on the fact whether or not the deponent is destitute. There is no showing on the record that Mr. Morton Singer is destitute or that the defendant, Standard Industries, Inc. is destitute or insolvent.

Moreover, on October 6, 1971, this Court granted plaintiffs' motion to keep in abeyance defendant's motion to dismiss until and after discovery proceedings were made relative to the jurisdictional issue and plaintiff was granted until October 20, 1971 to take depositions. Even though the place, date and hour for the taking of deposition of Morton Singer had been stipulated by the parties, it was only two days prior to the date set for the taking of deposition that the defendant filed his motion

---

Gilberto Mayo-Aguayo, Santurce, P. R., for plaintiffs.

Goldman, Antonetti & Subirá, Santurce, P. R., for defendant.

### ORDER

TOLEDO, District Judge.

This case is presently before the Court upon defendant's motion for protective order under Rule 26(c) of the Federal Rules of Civil Procedure filed on November 9, 1971, and plaintiffs' opposition thereto filed on November 15, 1971.

Defendant's motion is based on the general rule that depositions of

for protection of parties under Rule 26(c) of the Federal Rules of Civil Procedure. As properly stated in plaintiffs' brief, a motion for a protective order must be seasonably made. Loosley v. Stone, D.C., 15 F.R.D. 373; and some good reason for changing the place must be shown: United States v. Purdome, D.C., 30 F.R.D. 338. The burden is on the party seeking relief to show good cause. Essex Wire Corp. v. Eastern Electric Sales Co., D.C., 48 F.R.D. 308. Requisites that the defendant herein has failed to show.

Wherefore, the Court, in the sound exercise of its discretion and considering that the interest of justice will best be served by an oral examination of the witness, rather than by any other alternative method of discovery, it is hereby

Ordered, that Morton Singer, as official of defendant peremptorily appear for the taking of his oral deposition relative to matters pertaining to the jurisdictional issue raised by defendant, on the 3rd day of February, 1972, at 9:00 A.M., at the law offices of Baker & Woods, 1311 Ponce de Leon Avenue, Santurce, Puerto Rico, 7th Floor, before a Notary Public duly qualified in Puerto Rico to administer oaths in such depositions; said deposition to continue from day to day until completed; and it is further

Ordered, that deponent, Morton Singer, shall bring with him all documents, letters, memoranda, papers, records and books relative to the doing of business and/or transacting of business by defendant, Standard Industries, Inc., directly and/or through its subsidiaries and/or affiliates Las Piedras Shoe Corp., Beresford Shoe Co., Inc., Fajardo Industries, Inc., P. M. Footwear, Inc., Segovia Shoe Co., Inc., and any other subsidiaries and/or affiliates of defendant, Standard Industries, Inc., to enable the said deponent, Morton Singer, to answer questions that may be propounded to him during the taking of his oral deposition.