511 So.2d 895 (1987)
H & W TRANSFER AND CARTAGE SERVICE, INC.
v.
Millie GRIFFIN.
No. 57742.
Supreme Court of Mississippi.
July 8, 1987.
*896 Joseph W. McDowell, McCoy, Wilkins, Noblin & Stephens, Jackson, for appellant.
Crymes G. Pittman, Robert G. Germany, Cothren & Pittman, Jackson, for appellee.
Before HAWKINS, P.J., and ROBERTSON and ANDERSON, JJ.
ROBERTSON, Justice, for the court:

I.
This is another of a seemingly increasing lot of cases where the plaintiff and her attorney dotted all of the "i's" and crossed all the "t's" only to find the defendant wholly asleep at the switch with the end result of a substantial default judgment for the plaintiff. Because the trial court committed no error of law nor abuse of discretion, we have no choice but to affirm.
Our oft stated admonition that judgment by default be regarded an extreme sanction and our great preference for disposition of cases via trial on the merits to the contrary notwithstanding, defendants simply must take seriously their duty to answer. When, as here, they fail without good reason, they may expect no relief.

II.
This civil action was commenced on November 18, 1985, when Millie Griffin, Plaintiff below and Appellee here, filed her complaint in the Circuit Court of the First Judicial District of Hinds County, Mississippi. Griffin named as Defendant H & W Transfer and Cartage Service, Inc. ("H & W"), a Georgia corporation, Appellant here. Griffin charged further that on May 20, 1985, she was operating her motor vehicle in a westerly direction on Interstate Highway 20 in Hinds County, Mississippi. At that time, she alleges that a vehicle driven by Douglas V. Weaver rearended her as a result of which she sustained serious personal injuries. Griffin charges that Weaver was negligent in the premises and that he was at all time acting within the course and scope of his employment with H & W Transfer and Cartage. Finally, Griffin claimed that, as a direct and proximate result of Weaver's negligence, she sustained damages including medical and hospital expenses, both past and future, pain and suffering, and permanent injuries. She demanded $120,000.00 in damages.
Griffin caused H & W to be served with process by substituted service upon the Secretary of State. A copy of the summons and complaint were mailed to H & W which acknowledged receipt thereof on November 23, 1985. Immediately thereafter, H & W delivered copies of the suit papers to its insurance agent who in turn delivered same to Midland Insurance Company, liability insurance carrier for H & W. H & W took no further action and heard nothing further regarding the suit until April 17, 1986, when Jackson counsel contacted H & W's president and advised that his law firm had been retained by Midland to file the necessary pleadings to attempt to set aside a default judgment.
In the meanwhile, a claims representative of Midland Insurance Company had been engaged in settlement discussions with Plaintiff Griffin's Jackson, Mississippi, counsel. During this time it is apparent that Griffin agreed that, at least for the *897 time being, H & W need not file an answer. On February 4, 1986  some 78 days after the suit had been filed  Griffin's counsel addressed a letter to Midland advising that it should retain counsel to defend the suit and answer on or before February 14, 1986.
It appears without contradiction that Midland's claims representative received this advice letter within a day or two of its date. He consulted his company's book of approved attorneys and selected Joseph L. McCoy of Jackson, Mississippi, to defend the suit. On February 7, 1986, Midland mailed to McCoy a copy of the suit papers. The papers were incorrectly addressed, however, and McCoy never received them.
Meanwhile, on February 20, 1986, having heard nothing in response to his February 4, 1986, demand that Midland employ counsel to defend the suit, and the February 14, 1986, deadline having come and gone, Griffin's counsel applied to the clerk of the court for entry of default which was accomplished. See Rule 55(a), Miss.R.Civ.P. Griffin followed up on March 6, 1986, with a non-jury hearing on damages, see Guaranty National Insurance Co. v. Pittman, 501 So.2d 377, 387 (Miss. 1987); Dungan v. Dick Moore, Inc., 463 So.2d 1094, 1097-98 n. 2 (Miss. 1985) resulting in entry of a final judgment in favor of Griffin and against H & W in the sum of $85,000.00.
On May 2, 1986, H & W appeared through counsel and moved, pursuant to Rule 60(b), Miss.R.Civ.P., to vacate the March 6 judgment and to allow H & W to file an answer and proceed to trial on the merits. H & W also moved the court to stay all proceedings to enforce the judgment pending disposition of its Rule 60(b) motion. Attached to the motion to vacate were two affidavits, one of Frank Coffey, formerly claims representative for Midland Insurance Company, and the other from Ray Lewis, president of H & W. In addition to the facts set forth above, these affidavits tell us little. Lewis' affidavit simply says that he received the suit papers on November 23, 1985, and referred them to his insurance agent and did nor heard nothing until April 17, 1986, when he was notified of the default judgment. Coffey's affidavit explains the reason for the error in transmission of the suit papers to Jackson counsel, to-wit: that Midland's book of approved attorneys had an erroneous address for McCoy in Jackson, Mississippi. There is no question but that McCoy never heard of the matter until April 15, 1986, some forty days after the final judgment had been entered.
The motion to vacate asserts that H & W "has a meritorious defense to the claim of the plaintiff." No details of that defense are given. The affidavit on behalf of Coffey and Midland merely reflects that
In my conversations with the Plaintiff's attorney, I made it clear that we would contest this claim on behalf of the defendant, especially on the amount of damages being claimed by the plaintiff.
No details are given wherein Plaintiff's damages are said to have been excessive or exaggerated.
There is another wrinkle. On April 3, 1986  some twenty-eight days after entry of final judgment  the Supreme Court of the State of New York, County of New York, entered an order of liquidation directing that James P. Corcoran, Superintendent of Insurance of the State of New York, take possession of and liquidate the business and affairs of Midland Insurance Company. That order enjoined all parties to lawsuits "in this state [New York] and all other states ... which Midland is obligated to defend a party insured or any other persons it is legally obligated to defend by virtue of its insurance contract" from taking any further proceedings for a period of 180 days from the date of the order. The injunction expired of its own terms on September 30, 1986. Nothing is presented to us regarding any subsequent proceedings regarding the liquidation of Midland, except that Coffey states he is now acting on behalf of the New York Superintendent of Insurance in connection with the liquidation. Furthermore, Lewis on behalf of H & W charges in his affidavit that, because of the liquidation, "there may be no funds to pay the judgment under the coverage of my insurance policy."
*898 In any event, on August 6, 1986, H & W's Rule 60(b) motion was called for hearing in the Circuit Court which recited in the end that it had "considered the claim, heard the arguments of counsel, read and considered the memorandum briefs submitted by counsel." The Circuit Court then found that Griffin had complied with Rule 55 in obtaining the February 20, 1986, entry of default. Further, the Circuit Court held that H & W's failure to file an answer within the time allowed by law was not as a result of "accident or mistake as provided by Rule 60 of the Mississippi Rules of Civil Procedure." The court found additionally that H & W had "failed to show any other grounds which would permit the court to set aside the judgment in question." H & W's motion was thereupon overruled.
H & W has now timely perfected its appeal from the aforesaid August 6, 1986, order. Supersedeas, however, was not granted incident to the appeal, in part no doubt because of the financial situation of Midland.
In any event, as this appeal has been pending, Griffin moved the Circuit Court for examination of judgment debtor H & W and for production of documents. On February 25, 1987, the Circuit Court ordered H & W to appear in Hinds County "through its designated agent ... to be examined concerning its ability to pay the judgment ... and to bring with it certain records, books, papers or documents, reflecting its income and ability to satisfy the judgment, ... ." See Miss. Code Ann. § 13-1-261 through -271 (Miss. 1972). After considerable wranglings in the Circuit Court, H & W applied to this Court for a stay of the judgment debtor examination pending outcome of this appeal on the merits. On March 25, 1987, a single Justice of this Court entered an order for stay pending further consideration of the matter. Accordingly, before us at this time and ripe for review together are H & W's appeal on the merits and, if necessary, the question of whether H & W is subject to judgment debtor examination in Hinds County, Mississippi.

III.
We begin with Rule 60(b), Miss.R.Civ.P., which reads, in pertinent part, as follows:
On motion and upon such terms as are just, the court may relieve a party of his legal representative from a final judgment, order, or proceeding for the following reasons: ... (2) accident or mistake; . .. (6) any other reasons justifying relief from the judgment.
Rule 60(b) as our touchstone, there is no reason to repeat the numerous platitudes uttered by this Court pre-Rules and post-Rules regarding default judgments. We have considered the law of the matter at considerable length in Pointer v. Huffman, 509 So.2d 870, 874-75 (Miss. 1987); Guaranty National Insurance Co. v. Pittman, 501 So.2d 377, 386-89 (Miss. 1987) and Bryant, Inc. v. Walters, 493 So.2d 933, 935-39 (Miss. 1986). There is no reason to repeat that discussion here. Suffice it to say that, eschewing formalistic jurisprudence, we have opted for a balancing test approach to Rule 60(b) motions, such as that before the Circuit Court, respecting judgments not void as a matter of law. Specifically, the Circuit Court is directed to consider (1) the nature and legitimacy of defendant's reasons for his default, i.e., whether the defendant has good cause for default, (2) whether defendant in fact has a colorable defense to the merits of the claim, and (3) the nature and extent of prejudice which may be suffered by the plaintiff if the default judgment is set aside. While such factors afford less than a computer program into which the facts may be submitted and a perfect answer yielded, we are of the view that the justice achieved through the balancing test approach is less rough than that which may be adduced through formalistic or mechanical jurisprudence.
Necessarily, the Circuit Court in its administration of this balancing test has a certain amount of leeway. Rule 60(b) provides that the Court "may relieve a party" of the burden of a final judgment for one of the six reasons thereafter enumerated. When we are reviewing such a matter, we consider that the Circuit Court has not *899 inconsiderable discretion, though not unfettered discretion. We will not reverse unless convinced that the Circuit Court has abused its discretion in the premises. See Pointer v. Huffman, 509 So.2d at 875; Guaranty National Insurance Co. v. Pittman, 501 So.2d at 388-89; Bryant, Inc. v. Walters, 493 So.2d at 937-39.
Assuming arguendo that the reason H & W did not answer timely was an accident or mistake within Rule 60(b)(2), we consider the first factor, the validity or cause for H & W's failure to answer. The facts are less than powerful in their influence either way. H & W forwarded the summons and complaint to its insurance agent immediately upon receipt. This is what a prudent defendant should do. Imprudently, however, H & W thereafter did nothing, made no follow-up inquiry, and for all practical purposes let the matter drop until some five months later when it found out about the default judgment.
It appears that Midland also did what it should have done at the beginning  it established telephone contact with Plaintiff Griffin's attorney. When it received counsel's letter that settlement negotiations were off and that H & W should retain counsel and hire a lawyer to defend, Midland checked its approved attorneys books and simply mailed the suit papers to Joseph McCoy at the address shown in Midland's book. Midland made no follow-up telephone call to be sure that McCoy was available to defend the suit, to advise him of the February 14 deadline or to assure in any way that the matter was being handled. On the other hand, there is no suggestion that Midland's letter was returned or that anything else happened to put Midland on notice that matters had gone awry, at least until it received notice over in April 1986 of the default judgment. In sum, though the initial steps of both H & W and Midland were reasonable and prudent, each thereafter dropped the ball. Because H & W is the party defendant, however, we concentrate upon its conduct and consider that in and of itself H & W's "story" does not amount to good cause.
Second, we look to the question of whether H & W has a colorable defense to the merits of Griffin's claim. In the motion to vacate under Rule 60(b), H & W so alleges. No details are furnished. Where a defendant is to avail himself of this factor and to gain mileage therefrom, he must set forth in affidavit form the nature and substance of the defense. Compare Rule 56(e), Miss. R.Civ.P. All we have today is a naked assertion of counsel, unsupported by any specifics. We are told nothing on the liability issue which would suggest that H & W would have a meritorious defense to the May 20, 1985, rearend accident on Interstate Highway 20. With respect to the claim for damages, again we are furnished no basis for discrediting what Griffin has alleged and what she indeed proved at the ex parte hearing before the Circuit Court, a transcript of which is before us. Suffice it to say that we have in the past rejected an effort to avoid a default judgment where the named defendant showed a far greater likelihood of success should the case be tried on the merits. See Guaranty National Insurance Co. v. Pittman, 501 So.2d at 388.
Third, Plaintiff Griffin may have been subject to prejudice from the granting of the motion in the sense that she would have been put to trial some months following the date when she would have originally been able to obtain a trial setting had H & W responded promptly. As we said in Guaranty National
It requires no great insight to know that a year's postponement of a trial which will turn on witnesses' memories regarding a split second event  a motor vehicle accident  will often substantially prejudice one or both of the parties in terms of the common human phenomenon of loss of memory of specific events over time, not to mention the fact that the injured plaintiff is without a resolution to her claim for that period of time.
501 So.2d at 388.
In these circumstances, refusal to set aside the default judgment was well within the Circuit Court's authority. The Circuit Court committed no error of law, nor may *900 we fairly conclude that the Circuit Court exceeded its authority or abused its discretion in the premises. Indeed, when the interest of Griffin and H & W are balanced in the above described context, we are of the view that it would be quite inequitable to Griffin to deny her judgment any future force or effect.

IV.
H & W further cites the Midland insolvency and argues that it was somehow entitled to relief from the judgment by default by reason of the provisions of Miss. Code Ann. § 83-23-135 (1972) which, in substance, provides for an automatic stay of all proceedings wherein an insolvent insurer is obligated to defend a party in any court in this state for a period of sixty days from the date of insolvency. The complete statute reads as follows:
All proceedings in which the insolvent insurer is a party or is obligated to defend a party in any court in this state shall be stayed for sixty (60) days from the date the insolvency is determined, to permit proper defense by the association of all pending causes of action as to any covered claims arising from a judgment under any decision, verdict or finding based upon the default of the insolvent insurer or its failure to defend an insured. The association, either on its own behalf or on the behalf of such insured, may apply to have such judgment, order, decision, verdict or finding set aside by the same court or administrator that made such judgment, order, decision, verdict or finding, and shall be permitted to defend against such claim on the merits.
We fail to see how the statute is of comfort to H & W. In the first place, the final judgment was entered March 6, 1985, some 28 days before the New York Court adjudicated Midland Insurance Company insolvent. We read the statute to provide that, beginning with the date of insolvency, April 3, 1986, all proceedings against H & W, no doubt a party Midland was obligated to defend, were stayed and put on hold for a period of sixty days. The record before us reflects that the only thing done within the sixty day period  April 3, 1986, through June 2, 1986  was H & W's filing of its Rule 60(b) motion. Neither Plaintiff Griffin nor the Circuit Court took any action whatsoever. When the Circuit Court finally heard and decided the Rule 60(b) motion, the automatic stay of Section 83-23-135 had long since expired.
In short, it appears from the record, the Circuit Court wholly respected its duty under the statute. Once the sixty day automatic stay expired, the court was free, indeed was obligated, to take such action as may be appropriate with respect to the matters pending before it.
The assignment of error is denied. There being no further errors assigned or points argued possessing merit or needing discussion, the judgment below is affirmed.

V.
Also before the Court are the efforts of Griffin's counsel to require H & W through an appropriate corporate officer to appear in Hinds County to be examined regarding the assets of H & W out of which the judgment may be satisfied. Griffin also seeks to have H & W required to produce its sales tax returns, income tax returns, accounting worksheets and all other records which would reflect its gross and net income and other assets.
Rule 69(b), Miss.R.Civ.P., authorizes examination of a judgment debtor to aid in the satisfaction of a final judgment. The rule then provides alternative procedures, to-wit:
The judgment creditor may examine the judgment debtor or other person in open court as provided by statute or may utilize the discovery procedure stated in Rules 26 through 37 hereof.
Griffin has elected the statutory procedure found in Miss. Code Ann. §§ 13-1-261 et seq. (1972). The principal issue presented is whether H & W may be required to submit a proper corporate officer for deposition in Hinds County or, on the other hand, whether Griffin must travel to Georgia if it wants to take the deposition. The point arises in context of the fact that H & W is a non-resident corporation organized and existing under the laws of the state of Georgia, with its principal place of business *901 in Cedartown, Georgia. H & W has not qualified to do business in Mississippi and has no agent here.
The relevant statute, Section 13-1-263(2) provides:
If the judgment debtor is a non-resident, the petition for his examination shall be filed, and the examination conducted, in a court of competent jurisdiction in any county where he may be found.
The debate centers around the meaning of the words "where he may be found." More precisely, does the fact that one of H & W's vehicles traversed a Mississippi highway and committed a tort here translate into the conclusion that as a matter of law H & W may be "found" here?
We have no prior decision considering the question under either the statute or rules discovery conducted under Rule 69(b) and 30. We note that within the federal system, under comparable rules, it is generally held that a defendant which is a corporation examined under Rule 30(b)(6) should be examined at its principal place of business, and if that is in a state other than the forum state, so be it. See Salter v. Upjohn Co., 593 F.2d 649, 651-52 (5th Cir.1979); Zuckert v. Berkliff Corp., 96 F.R.D. 161, 162 (N.D.Ill. 1982).
On the other hand, the rule is not inflexible and the U.S. District Courts are given broad discretion in setting the place and venue of the deposition consistent with the legitimate interests of the parties and general considerations of fairness. Thompson v. Sun Oil Co., 523 F.2d 647, 650 (8th Cir.1975); Sugarhill Records, Ltd. v. Motown Record Corp., 105 F.R.D. 166, 169-72 (S.D.N.Y. 1985); Terry v. Modern Woodmen of America, 57 F.R.D. 141, 143 (W.D. Mo. 1972); Baker v. Standard Industries, Inc., 55 F.R.D. 178, 179-80 (D.P.R. 1972).
The party seeking to take a deposition has the original prerogative of designating place. If any other party objects, that party has the burden of persuasion that the designated place would result in undue hardship or expense. Such a burden may seldom be carried by mere conclusory allegations. In the end, questions regarding the place of the taking of a deposition  whether arising under Rule 30, Rule 69, Section 13-1-261 or otherwise  are committed to the sound discretion of the trial court. Rarely, if ever, will we disturb a trial court's decision in that regard.
Today's case, as indicated, arises under a Rule 69-authorized statute, and the Circuit Court has refused to disturb Griffin's designation of Hinds County as the place for the examination. This action was taken in face of H & W's assertion of a right to be examined at its principal place of business and the further contention that it would be unreasonable and oppressive to require it to come to Mississippi. But that assertion has hardly been documented with the sort of specifics that would justify our holding that the Circuit Court had abused its discretion.
In the end, we are concerned with a venue statute. Absent express provision to the contrary, we think it only feasible to construe that statute consistent with the venue already established for the trial of the action. That venue, of course, is Hinds county. Griffin argues that Dean v. Brannon, 139 Miss. 312, 104 So. 173 (1925) holds that a foreign corporation "may be found" where its agent may be found. This is certainly true as a general proposition, but the Secretary of State who becomes the statutory agent pursuant to our longarm statutes, Miss. Code Ann. § 13-3-57 and -63, is not the sort of agent whose presence may establish venue.
Venue for the trial of this action was established originally by Griffin's filing her suit in Hinds County. Objections to venue are waivable if not timely asserted. See Belk v. State Department of Public Welfare, 473 So.2d 447, 451 (Miss. 1985); Wofford v. Cities Service Oil Co., 236 So.2d 743 (Miss. 1970). Where not asserted in a defendant's answer or a Rule 12 motion, objections to venue are deemed waived. Rule 12(h)(1), Miss.R.Civ.P. If H & W has waived its right to answer sufficient that default and final judgment thereon should be affirmed, it would seem to offend neither notions of judicial logic nor substantial *902 justice for us to hold that any objection to venue has been waived.
In short, H & W has waived its right, if any, to argue that it may not be found in Hinds County. Moreover, H & W has failed to persuade us that the Circuit Court abused its discretion in ordering H & W to submit to deposition in Hinds County. The order of the Circuit Court entered March 8, 1987, overruling H & W's objections to examination of judgment debtor and production of documents is accordingly upheld, provided only that the date and time of the examination of the judgment debtor, H & W Transfer and Cartage Service, Inc., shall be rescheduled to what we trust will be a time mutually convenient for all concerned.
AFFIRMED; MOTION FOR STAY OF JUDGMENT DEBTOR EXAMINATION, ETC., DENIED.
WALKER, C.J., ROY NOBLE LEE, HAWKINS, P.JJ., DAN M. LEE, PRATHER, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.