ROBERTSON, Justice,
for the Court:
This matter is once again before the Court on the motion to correct mandate filed by Millie Griffin, the successful Appel-lee in our original decision, H & W Cartage and Transfer Service, Inc. v. Griffin, 511 So.2d 895 (Miss.1987). Griffin asks somewhat tardily that we order imposition of the fifteen percent (15%) statutory penalty provided for by Miss. Code Ann. § 11-3-23 (Supp.1988). Two questions are presented, one regarding the coverage of the penalty statute and the second concerning the timeliness of the motion.
On July 8, 1987, this Court formally released its opinion in H & W I. We there *217 held that the Circuit Court of the First Judicial District of Hinds County, Mississippi, had not abused its authority in refusing to set aside an $85,000.00 default judgment entered in favor of Millie Griffin and against H & W Transfer and Cartage Service, Inc. Thereafter, on July 24, 1987, this Court issued its mandate wherein it stated the following:
This cause having been submitted on the record from the Circuit Court of Hinds County and this Court having considered the same is of the opinion that there is no error therein and doth order that the judgment of said Circuit Court rendered in this cause on the 6th day August, 1986, be and the same is hereby affirmed.
It is further ordered that the Appellant, H & W Transfer and Cartage Service, Inc. do pay all of the costs of this appeal to be taxed. The motion for stay to judgment debtor examination, etc., as filed in Miscellaneous No. 2327, is hereby denied.
The Court’s opinion and mandate were silent on the question whether Griffin was entitled to recover the fifteen percent (15%) statutory penalty.
In relevant part, Section 11-3-23 reads: In case the judgment or decree of the court below be affirmed, ..., the Supreme Court shall render judgment against the appellant for damages, at the rate of fifteen percent (15%), as follows: If the judgment or decree be for a sum of money, the damages shall be upon such sum.
H & W Transfer first opposes the motion on grounds that the statute does not authorize imposition of the damage penalty where this Court has merely reviewed an order wherein the trial court denied a motion. What happened below is this. On March 6, 1986, the Circuit Court entered final judgment in favor of Griffin and against H & W by default. The principal amount of the judgment is $85,000.00. On May 2, 1986, H & W moved to vacate the judgment under Rule 60(b), Miss.R.Civ.P. On August 6, 1986, the Circuit Court denied H & W’s motion to vacate.
Technically, this Court’s original decision affirmed the denial of the motion to vacate. The substantive effect of that decision was that the $85,000.00 judgment in Griffin’s favor and against H & W was affirmed. This is no different from the case where the matter appealed may be the order of a circuit court overruling a defendant’s motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. There, as well, technically the order affirmed would be that denying the alternative post-trial motions. But in substance the judgment for money damages would be affirmed.
We hold that an order of this Court affirming a trial court order denying a motion made under Rule 60(b) to vacate or set aside a money judgment is in legal effect the affirmance of a judgment within the scope and contemplation of Section 11-3-23. Griffin is entitled to recovery of the penalty computed in the amount of fifteen percent (15%) of $85,000.00 or $12,750.00.
H & W next argues that, assuming coverage under the statute, Griffin’s motion should be denied as untimely filed. Griffin notes the fact that this Court’s mandate was entered on July 24, 1987, but that Griffin’s Motion to Amend or Correct Mandate was not filed until July 1, 1988. In short, Griffin did not get around to filing her motion until 343 days after the issuance of the mandate.
No doubt this delay is unusual. At the time, however, we had in our rules no time limit for the filing of a motion to amend or correct mandate, and H & W in its response has pointed to none. Moreover, H & W has offered us no explanation of how it has been unreasonably prejudiced by Griffin’s delay in filing her motion. Rather, we have been favored only with conclu-sory allegation that Griffin’s delay was “unreasonable”. Under these circumstances, and by reference to the law as it existed at the time, we have no authority but to deny H & W’s plea of unreasonable delay.
This matter has, however, served to call to our attention a glitch in this Court’s rules. Quite apparently there should be a *218 reasonable time limit placed upon the filing of motions to amend and/or correct the mandate. An appropriate analogy would be the fourteen day time limit provided parties to move to retax costs. See Rule 36(d), Miss.Sup.Ct. Rules. Accordingly, we adopt, effective immediately, an amendment to Rule 41, Miss.Sup.Ct. Rules, concerning the issuance of mandates, in the form of a new subsection (d) which shall read as follows:
(d) Motion To Amend or Correct Mandate; Time For Filing. Any motion to amend or correct the mandate may be filed within fourteen (14) days after the court has issued the mandate or any addition to the mandate.
By reason of the foregoing, the mandate in this case is amended to provide that Griffin recover of and from H & W Transfer and Cartage Service, Inc., the sum of $12,750.00 as the statutory penalty under Miss. Code Ann. § 11-3-28 (Supp.1988). With respect to mandates issued in other cases from and after this date, the time for filing motions to amend or correct shall be governed by Rule 41(d) as promulgated above.
MOTION TO AMEND AND/OR CORRECT MANDATE GRANTED; RULE 41(d), MISS.SUP.CT. RULES PROMULGATED
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.