GRIFFIS, J.,
 

 for the Court.
 

 ¶ 1. Daniel Childers filed suit in the Circuit Court of Tippah County for negligence and gross negligence. After holding a writ of inquiry, the circuit court entered a default judgment in favor of Childers in the amount of $250,000. Tippah County filed a motion to set aside the default judgment, and the circuit court denied the motion. On appeal, Tippah County argues that the circuit judge erred when he denied its motion to set aside the default judgment. We find no merit to Tippah County’s argument, and we affirm.
 

 FACTS
 

 ¶ 2. On January 30, 2006, Doris Moffitt, Childers’s aunt, instituted proceedings to have Childers committed for a mental evaluation and treatment. The Chancery Clerk of Tippah County issued a writ ordering the Tippah County Sheriffs Department to take Childers into custody until he could be properly examined.
 

 ¶ 3. After the writ was issued, Deputies Tommy Garrett and Tim Wilbanks went to Childers’s home to take him into custody. The deputies found Childers behind the house and ordered Childers to put his hands on the house. Childers turned around and began to go toward the house. It is disputed whether Childers ran or simply walked toward the house. Deputy Garrett deployed his tazer, and Childers fell to the ground. According to both officer’s affidavits, Childers told them to be careful when they handcuffed him because he had a previous injury to his arm. Subsequently, Childers received medical treatment because he severely injured his elbow when he fell. During Childers’s subsequent commitment hearing, Childers
 
 *660
 
 was ordered to undergo treatment for his mental condition.
 

 ¶ 4. On December 20, 2006, Childers sent Tippah County a notice of claim pursuant to the Mississippi Tort Claims Act. On March 7, 2007, Tippah County denied Childers’s claim. On April 4, 2007, Child-ers served the summons and process on the Chancery Clerk of Tippah County. The Tippah County Circuit Clerk’s office executed an entry of default on May 18, 2007. On May 25, 2007, Childers filed his motion for default judgment. The circuit court entered a default judgment after conducting a writ of inquiry on August 16, 2007, which was nearly three months after the entry of default.
 

 ANALYSIS
 

 ¶ 5. The standard of review for a circuit court’s denial of a motion to set aside a default judgment is an abuse of discretion standard.
 
 McCain v. Dauzat,
 
 791 So.2d 839, 842(¶ 5) (Miss.2001). The circuit court’s “discretion must be exercised in accordance with the provisions of Rules 55(c) and 60(b) of the Mississippi Rules of Civil Procedure as well as the supplementary criteria given validity in the decisions of this Court.”
 
 Guar. Nat’l Ins. Co. v. Pittman,
 
 501 So.2d 377, 388 (Miss.1987).
 

 ¶ 6. In order to assist trial judges, the Mississippi Supreme Court has articulated a three-prong test for trial judges to use when they are analyzing a motion to set aside a default judgment under Mississippi Rule of Civil Procedure 60(b).
 
 McCain,
 
 791 So.2d at 843(¶ 10). Under this test, the trial judge must consider: “(1) the nature and legitimacy of the defendant’s reasons for his default ..., (2) whether the defendant in fact has a color-able defense to the merits of the claim, and (3) the nature and extent of prejudice which may be suffered by the plaintiff if the default is set aside.”
 
 Id.
 
 (citation omitted). The supreme court has described this test as “a balancing of the equities.”
 
 Id.
 

 I. Did the circuit court err when it found that Tippah County did not have a legitimate excuse for its neglect?
 

 ¶ 7. In the motion to set aside default judgment, Tippah County alleged that:
 

 The Defendant would show that the Defendant properly forwarded the Complaint to its agent, Ripley Insurance Agency, which scanned the complaint into their system but failed to forward the Complaint on to Zurich Insurance for defense.
 

 The Defendant would further show that B. Sean Akins, the Attorney for the Tippah County Board of Supervisors, who forwarded the Complaint to Ripley Insurance Company did not follow up with them because his father was hospitalized in Baptist Memorial Hospital and North Mississippi Medical Center during this time period. His father died on May 15, 2007.
 

 Hence, to establish excusable neglect, Tip-pah County argues that the actions of its insurance agent or its attorney are separate bases to establish excusable neglect.
 

 ¶ 8. The first excuse offered by Tippah County for its neglect is that its insurance agent failed to forward a copy of the summons and complaint to its insurance carrier. Thus, no answer was filed on its behalf. The malfeasance of a party’s insurance company is not the focus for the determination of excusable neglect under the three-prong balancing test.
 
 H & W Transfer and Cartage Serv., Inc. v. Griffin,
 
 511 So.2d 895, 899 (Miss.1987).
 

 ¶ 9. In
 
 Griffin,
 
 the supreme court held: H & W forwarded the summons and complaint to its insurance agent immediately upon receipt. This is what a pru
 
 *661
 
 dent defendant should do. Imprudently, however, H & W thereafter did nothing, made no follow-up inquiry, and for all practical purposes let the matter drop until some five months later when it found out about the default judgment. ... In sum, though the initial steps of both H & W and Midland were reasonable and prudent, each thereafter dropped the ball. Because H & W is the party defendant, however, we concentrate upon its conduct and consider that in and of itself H & W’s “story” does not amount to good cause.
 

 Id at 899. Accordingly, it is not the conduct of the insurance agent or company that we must consider to establish excusable neglect. Hence, Tippah County’s first argument has no merit.
 

 ¶ 10. Tippah County’s second argument is that Tippah County’s attorney could not follow-up on the complaint due to his father’s terminal illness and subsequent death. This argument is made in the motion, but it is not elaborated on in the attorney’s affidavit, which was considered by the circuit court at the hearing. In his rebuttal argument, counsel stated:
 

 [ultimately it is the county’s responsibility to make sure that the lawsuit is responded to. I hesitate to mention, but I put it in my pleadings that my father passed away in May of this year [2007], and to the extent that I should have followed up and didn’t because of other things going on, if that’s my fault, that’s my fault; but regardless, in the end it was the county’s responsibility that an answer was filed....
 

 The circuit judge’s order does not address this argument.
 

 ¶ 11. Childers responds that an attorney’s incompetence is not excusable neglect. Furthermore, Childers points out that process was served on April 4, 2007, Tippah County’s answer was due on May 4, 2007, and the attorney’s father died on May 15, 2007. While this Court has sympathy for the passing of an attorney’s parent and may have found it sufficient to establish excusable neglect, it is not this Court’s discretion that is to be reviewed; instead, we must consider whether the circuit judge abused Ms discretion in not finding it to constitute excusable neglect.
 

 ¶ 12. Here, like in
 
 Griffin,
 
 Tippah County dropped the ball after it was properly served with process and delivered a copy of the summons and complaint to its insurance agent. Tippah County was the named defendant in the complaint, and it was Tippah County’s responsibility to make sure that an answer was filed.
 

 ¶ 13. The Mississippi Supreme Court has held that: “Incompetence or ignorance on the part of a party’s attorney does not give rise to Rule 60(b)(2) relief.”
 
 Stringfellow v. Stringfellow,
 
 451 So.2d 219, 222 (Miss.1984). While we do not consider Tippah County’s attorney’s actions in this case to rise to the level of incompetence or ignorance, we do find that Tippah County had a duty to file the answer or request an extension of time. If Tippah County had assigned this duty to its attorney, even if his father was ill, Tippah County’s attorney was required to arrange for another attorney in his firm to manage his affairs while he was unable to complete his legal responsibilities. To support the circuit judge’s conclusion, however, we note that there is nothing in the attorney’s affidavit to explain why another attorney in his firm was unable to assist until he was able to resume his practice. Regardless, such failure on behalf of Tippah County’s attorney does not give rise to Mississippi Rule of Civil Procedure 60(b)(2) relief.
 
 Id.
 
 Here, we find that the circuit judge did not abuse his discretion, and we find no merit to this issue.
 

 
 *662
 
 ¶ 14. On appeal, Tippah County adds another argument. Tippah County contends that Childers should have given its attorney three days’ notice before the hearing on Childers’s motion for a default judgment. Tippah County argues that its attorney had made an appearance in this case because he signed the written denial of Childers’s notice of claim. Childers argues that Tippah County’s denial of his notice of claim cannot be considered an appearance in this case because no complaint had been filed when he received this letter.
 

 ¶ 15. Mississippi Rule of Civil Procedure 55(b) states: “If the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least three days prior to the hearing....” We find no authority for the proposition that a denial of a notice of claim under the Mississippi Tort Claims Act constitutes an appearance under Mississippi Rule of Civil Procedure 55(b), where the denial precedes the institution of the lawsuit. Accordingly, we find no merit to this argument.
 

 II. Did the circuit court err by finding that Tippah County did not have a cobrable defense?
 

 ¶ 16. Tippah County argues that the circuit judge erred when he found that it did not have a colorable defense. The supreme court has stated:
 

 The most important prong is the determination of whether the defendant has a colorable defense to the merits of the claim. Here the law demands more than a mere wish and a prayer. In order to show a creditable defense in the present setting, a party must show facts, not conclusions, and must do so by affidavit or other sworn form of evidence.
 
 Capital One Servs. v. Rawls,
 
 904 So.2d 1010, 1016(¶ 19) (Miss.2004) (internal citations and quotations omitted). On appeal, Tippah County only asserts that it had the colorable defense of sovereign immunity. However, Tippah County did not assert sovereign immunity as a defense in its motion to set aside default judgment or the hearing on the motion.
 

 ¶ 17. Childers argues that Tippah County waived any argument that it had a colorable defense under the Mississippi Tort Claims Act. After thoroughly examining the record, we agree with Childers and find that Tippah County did not present its argument regarding sovereign immunity as a colorable defense to the circuit judge. “[W]e need not consider matters raised for the first time on appeal, which practice would have the practical effect of depriving the trial court of the opportunity to first rule on the issue, so that we can then review such trial court ruling under the appropriate standard of review.”
 
 Alexander v. Daniel,
 
 904 So.2d 172, 183(¶ 26) (Miss.2005). Thus, Tippah County’s sovereign immunity argument is procedurally barred.
 

 III. Will Childers suffer prejudice if his default judgment is set aside?
 

 ¶ 18. In his order, the circuit judge found:
 

 [Childers’s] mother, an alleged material witness to [Childers’s] altercation with the deputies is advanced in age, and in very poor health. The docket of Tippah County is such that a trial on the merits of this case would probably be delayed until at least the later part of 2008, or early 2009. Therefore, the Court finds that [Childers] would suffer substantial prejudice if the county’s Motion was granted.
 

 During the hearing on this matter, Child-ers’s mother was unable to testify because she could not climb the stairs in the court
 
 *663
 
 house. Furthermore, she suffered from diabetes and periodic strokes. Tippah County argues that Childers will not suffer prejudice if he loses his only corroborating witness because Childers may rely on his own testimony. Childers argues that he would be prejudiced without the testimony of his mother because a jury is less likely to believe someone who has been committed for treatment of a mental disease.
 

 ¶ 19. The supreme court, while discussing a plaintiff similarly situated to Child-ers, stated:
 

 Even if the judgment had been vacated at that time and [the plaintiff] given the earliest possible trial setting, the trial would still have occurred more than one year following the original February 6, 1985, setting. It requires no great insight to know that a year’s postponement of a trial which will turn on witnesses’ memories regarding a split second event — a motor vehicle accident — will often substantially prejudice one or both of the parties in terms of the common human phenomenon of loss of memory of specific events over time, not to mention the fact that the injured plaintiff is without a resolution to her claim for that period of time.
 

 Pittman,
 
 501 So.2d at 388. Like the plaintiff in
 
 Pittman,
 
 Childers would not have been able to try his case until well over a year after the circuit judge would have set aside Childers’s default judgment. Furthermore, unlike
 
 Pittman,
 
 Childers’s witness would most likely suffer extreme memory loss from her strokes or be deceased at the time of the trial. We also find that Childers’s mental deficiency means that he would suffer even more prejudice than the plaintiff in
 
 Pittman
 
 because his testimony would most likely require corroboration in order for a jury to find for him.
 

 CONCLUSION
 

 ¶ 20. The standard of review for a circuit court’s denial of a motion to set aside a default judgment is abuse of discretion.
 
 McCain,
 
 791 So.2d at 842(¶ 5). Here, we must consider whether the circuit judge abused his discretion when he applied the
 
 McCain
 
 balancing test.
 
 Id.
 
 at 848(¶ 10). The circuit judge determined that each and every factor weighs in favor of Child-ers. We cannot say that this was an abuse of discretion. Accordingly, we affirm the judgment of the circuit court.
 

 ¶ 21. THE JUDGMENT OF THE CIRCUIT COURT OF TIPPAH COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY.