## T. L. NELSON *v.* N. G. NYE.

1. SPECIAL DEPUTY SHERIFFS.—The authorization of a special deputy sheriff to do a special act must, under the statute, Revised Code, p. 122, art. 115, be by the sheriff in writing under his hand; but such appointment need not, as in the case of a regular deputy, be filed in the probate clerk's office : nor is it necessary that such writing should be endorsed on the writ which such special deputy is appointed to serve, or even filed with the papers in the cause. In the absence of any information to the contrary in the record, this court will presume that a person whose name is appended to a return as a special deputy, was duly authorized as such.

2. RETURN.—The return upon a summons was as follows:
"Executed in person, and by copy, April 30th, 1861.
"J. W. R.——————, Sheriff,
"By S. C. J——————, Special Deupty."

*Held :* That this was a substantial compliance with the statute, Revised Code, p. 489, art. 63.

Error to the circuit court of Holmes county. CAMPBELL, J.

*H. S. Allen,* for the plaintiff in error.

The Revised Code, page 489, art. 64, says, " original process shall be served personally on the defendant, if to be found, and a true copy thereof delivered to him." Therefore, according to the Code as above, if the defendant is found, two things are requisite to a valid service ; first, a personal service, and second, a true copy of the process must be delivered to him—both are indispensable. This court has decided that a sheriff must, in his return upon a process, state facts,

and not deductions.   The sheriff must state what he did in executing the process, and it is for the court to judge whether his acts constitute an execution of the process.   Merritt v. White, 37 Miss., 438.

Words are to be taken in their usual acceptation, and under this rule, what do the words " executed in person and by copy " mean?   They mean simply that the officer executing the process, executed it himself, and also by a copy; but the return does not state in what way, or how he did execute it himself, or how he executed it by copy.   In the execution by himself, did he read it to the defendant, and deliver to him a true copy thereof?   and when he executed it by copy, was the defendant not found?   And did he leave a copy?   These questions cannot be answered from the record.

But should I be wrong in my conclusion above, then upon another ground I hold the judgment should be reversed.   The return is signed J. W. Rogers, sheriff, by S. C. Johnson, special deputy.   Now what does " special deputy" mean?   It means special deputy.   But the record does not show that S. C. Johnson was a special deputy.   A special deputation must appear of record.   A general deputation is recorded in the office of the probate court, and there all persons can learn whether one claiming to act as a general deputy, is such or not; but a special deputation to execute a process must appear on the process.   But no such special deputation is found in the record; and for this error the judgment by default is erroneous.

*Hudson & Nye*, for the defendants in error.

There are two errors assigned:

1st. That there was in law no sufficient service of the process.   The return is in these words: " Executed in person and by copy, April 30th, 1861."   This return is upon the writ, and in answer to the command of the writ to the sheriff and the duty it imposed on that officer.   It shows a personal service, and a copy given by the officer to the defendant. This is the only mode of legal personal service, and it was substantially observed in the return in this case.   If the

facts returned satisfy the court to a reasonable certainty, that the defendant did have the personal notice contemplated by law, although not in the exact *hæc verba* of the statute, the requirements of the law are satisfied. The object of the law requiring the manner of the service to be stated in the return is to enable the court to judge whether it was personal or constructive notice, or substantial notice of either character. It is, however, urged that the return does not, but should show that a "true copy" was delivered, inasmuch as the statute uses the words "a true copy." There can be no copy unless it is a *true* one.

The second and last error assigned is, that the writ was served by a special deputy, and that his special authority to serve the process must, but does not appear in the records of this case, and therefore, the return, if good in form, is invalid in law. The writ was endorsed on the day of its date, "Received April 18, 1861. J. W. Rogers, sheriff," etc., and returned into court endorsed, "Executed in person and by copy, April 30th, 1861. J. W. Rogers, sheriff, by S. C. Johnson, special deputy." The law does not require the special deputation to be endorsed on the writ or filed in the papers of the cause or in the court, but it may be made and filed in the sheriff's office or given to the special deputy for his authority and protection, or be certified and delivered to the defendant himself. The sheriff makes his return, his name is signed, he recognizes and ratifies the act and adopts the return. The defendant makes no objection and demands no authority. The court below acts upon the authority, and recognizes the act of S. C. Johnson, as special deputy, and that is sufficient, unless the character under which he acted had been denied by plea verified, which was not done, and hence we were not bound to produce in the court below, or here, the evidence of his appointment or authority as special deputy. In such case his acts import verity and his authority will be presumed. It must be presumed that the court below inquired into his authority and was satisfied with it, as this court has repeatedly held in cases

of attachment, bonds executed by agents, although no power of attorney appeared. The presumption of the law, and especially after so long an interval, is in favor of the sheriff, and the proceedings in this case as the authority of the officer. 4 How., p. 557, shows the authority need not be produced. Public policy forbids any other view, and even sustains the acts and usurpations of *de facto* officers, special or general, and even though such acts are by statute declared void. 9 S. & M., 570.

Simrall, J.:

This was an action of *assumpsit* brought by N. G. Nye, in. the circuit court of Yazoo county, against T. L. Nelson, to recover the amount due on a promissory note.

The plaintiff below, N. G. Nye, derived title to the note by the endorsement and delivery of the same to him by J. C. Howe, the payee. Judgment by default final was rendered on the 14th May, 1866, against Nelson for the amount of note and interest. The case is brought into this court by writ of error. Two errors are assigned:

1st. Because the return on the process is irregular.

2d. Because there is no evidence that S. C. Johnson was a special deputy.

The return on the summons is in these words, " executed in person and by copy, April 30th, 1861; J. W. Rogers, sheriff, by S. C. Johnson, special deputy." The statute empowers the sheriff to appoint one or more deputies by a writing under his hand. Every deputy (except such as may be appointed to do a particular act), shall take and subscribe an oath faithfully to execute the duties of deputy sheriff. The oath shall be filed in the office of the probate clerk. Rev. Code of 1857, p. 122, art. 115. It is insisted by the counsel for plaintiff in error, that the appointment of the special deputy, to serve and return the writ, must be endorsed on the process itself, or at least, there must be evidence of such appointment in the record. The statute provides a mode for the appointment of deputies, viz: " By a writing under the sheriff's hand." If the deputy is to act as the general

representative of the sheriff in the duties of his office—then the "writing evidencing his right so to do, with the certificate of the oath or affirmation, must be filed in the office of the probate clerk. If, however, the authorization of the deputy is to do a special or particular act, there seems to be a compliance with statute, if the appointment be made by the sheriff in writing." It is not made necessary to file it in the probate court clerk's office. Nor is it directed that the appointment, (if for the purpose of executing a writ), should be endorsed on the writ, or even filed among the papers of the cause. In the absence of information to the contrary furnished by the record, we must presume that the special deputy in this instance was duly authorized to serve and return this writ. If not so authorized, the court below was the proper place to have raised and litigated that question. This court has repeatedly held that where attachment and other bonds, purported to have been executed by an attorney in fact for a principal, it will indulge the presumption that the officer who took the bond, and whose duty it was to look into the point of authority, had done his duty in that behalf, and has sustained the decisions of the circuit courts in refusing to quash such bonds, because the authorization of the agent was not produced in that tribunal. We think, therefore, that this assignment of error is not well taken.

The other error complained of is that the service is insufficient. "The sheriff shall return a written statement of his proceedings on the writ." Rev. Code, p. 489, art. 63. Article 64 provides the several modes of service: "Original process shall be served personally on defendant, if to be found, and a true copy thereof delivered to him." etc.

The service in this case is a substantial compliance with the statute. The "proceedings" reported as had under the writ, import that the writ was served on the defendant personally. And we understand the officer to mean, by the words, "and by copy," that the copy was delivered to the defendant, or placed subject to his personal control and possession. The

object of the legislature in requiring the sheriff to state spe-
cifically his proceedings under process, was that the court
might determine whether the defendant had received due
and proper' notice of the suit.   The return on this writ is
unlike those in the cases of Merritt v. White, 37 Miss. Rep.,
438; Foster v. Simmons, 40 Miss., 587; where the service was
held insufficient.   Let the judgment of the court be Affirmed.