A default judgment on the liability issue was entered in the Circuit Court of Panola County against Monroe Pointer, individually, and Pointer Insurance Co., Inc. in favor of J.D. Huffman, plaintiff. From an order overruling Pointer's motion to quash process, to set aside default judgment and to allow defendants an opportunity for trial on the merits, Pointer appeals assigning as error:
(1) The trial court erred in excluding evidence relative to service of process and in holding that the service of process was valid.
(2) The trial court erred in entering a default judgment as to liability only.
(3) Due to the improper entry of a default judgment, the trial court applied the wrong standard of review.
(4) The trial court abused its discretion in denying the motion to set aside the default and default judgments.
 I. FACTS
On December 28, 1984, J.D. Huffman d/b/a Lakeside Market (Huffman) filed suit against Monroe Pointer, individually, and Pointer Insurance Agency, Inc. (Pointer) alleging gross negligence, breach of fiduciary duty, and breach of contract.
Huffman alleged that Pointer sold him insurance represented as a "commercial package," but which contained no workers' compensation insurance. Huffman alleged that he relied in good faith on Pointer's *Page 872 
representation that he was covered for all business purposes and, in reliance on Pointer's representation, opened Lakeside Market where an accident occurred in May of 1984, severely injuring the hand of a Lakeside Market employee. Huffman further alleged that as a result of Pointer's conduct, Huffman incurred substantial damages and was exposed to substantial claims by others.
Because Pointer failed to plead or otherwise defend, a default judgment was entered February 8, 1985 on the issue of liability. Subsequently, a hearing to assess damages was set for March 29, 1985.
Prior to the hearing to assess damages, Pointer filed his "Motion To Quash Process; To Set Aside Default Judgment And To Allow Defendants An Opportunity For Trial On The Merits." After a hearing on defendants' motion, the court entered an order overruling the motion May 3, 1985. Following that order, this appeal was perfected.
 II.
Did the trial court err in excluding evidence relative to service of process and in holding that the service of process was valid?
 A.
"Before a default judgment can be entered, the court must have jurisdiction over the party against whom the judgment is sought, which also means that he must have been effectively served with process." Comment, MRCP 55. See also, Wright, Miller and Kane,Federal Practice and Procedure: Civil 2d § 2682, p. 407 (1983).
During the time period surrounding the summonses and returns at issue, Rule 4 of the Mississippi Rules of Civil Procedure provided that process be issued and served in the form and manner prescribed by statute.[1] The relevant statute, Miss. Code Ann. § 19-25-37 (1972) provides in part:
 Every sheriff, by himself or his deputy, shall from time to time execute all notices, writs, and other process, both from courts of law and chancery, and all orders and decrees to him legally issued and directed within his county, and he shall make due returns thereof to the proper court.
The returns involved in this case bear the rubber stamp of the sheriff, and signatures of both Deputy Sheriff J.C. Sexton and Constable Cleave Gale. During the hearing on Pointer's motion, Pointer attempted to show that process was not served by the sheriff or deputy sheriff as required by Miss. Code Ann. §19-25-37 (1972), but instead was ineffectively served by Cleave Gale, a constable. The trial court, however, excluded any testimony directed toward the identity of the person who actually served the summonses.
In sustaining the objection to Pointer's attempt to prove who actually served the summonses, the trial judge commented, "I've never allowed testimony to go beyond the return or beyond a notary's signature or acknowledgment."
Many jurisdictions take the view that an officer's return of service of summons is conclusive and cannot be set aside on extrinsic evidence unless its falsity is disclosed by some other portion of the record of the case. 62 Am.Jur.2d Process § 177, p. 957 (1972).
Miss. Code Ann. § 13-3-87 (1972) provides, "The return of the officer serving any process may, in the same action, be shown to be untrue by either of the parties, but the officer himself shall not be permitted to question its truth." Applying identical language in Willenbrock v. Brown, 239 So.2d 922, 925 (Miss. 1970), this Court held, "The officer's return of process is presumed to be correct but Section 1880, Mississippi Code 1942 Annotated (1956), provides that the return of an officer serving any process may be shown to be untrue by either of the parties."See also, Reichman-Crosby *Page 873 Co. v. Horton, 143 Miss. 141, 108 So. 443 (1926).
 B.
Would the service of process by a constable be ineffective under Miss. Code Ann. § 19-25-37 (1972)?
As previously mentioned, § 19-25-37 requires process be served by a sheriff "or his deputy." Pointer readily admits, and there is no question, he was personally served with process. Pointer's argument is that the service of process was ineffective because it was served by Cleave Gale, a constable, and not a sheriff or deputy sheriff. By offer of proof, Monroe Pointer was allowed to testify that process was served upon him by Cleave Gale.
Miss. Code Ann. § 95-25-19 (1972) provides in part:
 Appointment, oath and compensation of deputy sheriffs.
 Every sheriff shall have power to appoint one or more deputies to assist him in carrying out the duties of his office, every such appointment to be in writing, to remove them at pleasure, and to fix their compensation, subject to the budget for the sheriff's office approved by the county board of supervisors. . . . Every deputy sheriff, except such as may be appointed to do a particular act only, before he enters on the duties of office, shall take and subscribe an oath faithfully to execute the office of deputy sheriff, according to the best of his skill and judgment. The appointment, with the certificate of the oath, shall be filed and preserved in the office of the clerk of the board of supervisors.
 . . . .
The authorization of a special deputy to do a special act must be by the sheriff in writing, but such appointment need not, as in the case of a regular deputy, be filed with the clerk of the board of supervisors. Nelson v. Nye, 43 Miss. 124, 128 (1870). In the instant case, Huffman suggests Cleave Gale could have been acting as a special deputy duly authorized by the sheriff for the service of process in this case.
In Alabama and V.R. Co. v. Bolding, 69 Miss. 255, 263, 13 So. 844, 846 (1891) this Court held that one acting generally as a deputy sheriff, under written appointment from the sheriff, although not having qualified according to law, is a defacto officer and as between third parties his actions are valid.
In the absence of proof to the contrary, it will be presumed that a person whose name is appended to a return on a writ as a special deputy was duly authorized as such. Nelson v. Nye, 43 Miss. at 128.
There being no dispute as to the fact of service and notice to the defendant Pointer, this Court finds no reversible error in the trial judge's action.
 III.
Did the trial court err in entering a default judgment on the issue of liability only?
Defaults are provided for under Rule 55 of the Mississippi Rules of Civil Procedure. Rule 55 reads in part:
 (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.
 (b) Judgment. In all cases the party entitled to a judgment by default shall apply to the court therefor. If the party against whom judgment by default is sought has appeared in the action, he (or if appearing by representative, his representative) shall be served with written notice of the application for judgment at least three days prior to the hearing of such application; however, judgment by default may be entered by the court on the day the case is set for trial without such three days' notice. If in order to enable the court to enter judgment or to carry it into effect it is necessary to take an account or to determine the amount of *Page 874 
damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearing with or without a jury, in the court's discretion, or order such references as it deems necessary and proper.
 (c) Setting Aside Default. For good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).
Rule 55 first requires default to be entered by the clerk and second, upon application, default judgment may be entered by the court.
In the instant case, default was entered by the Panola County Circuit Clerk on February 7, 1985. The next day, default judgment was entered by the circuit judge on the issue of liability, subject to a writ of inquiry to determine damages.[2] In the interim, Pointer filed his motion to quash process, etc. which was heard March 29, 1985, instead of Huffman's motion to assess damages.
On appeal, Pointer contends the Mississippi Rules of Civil Procedure contained no provisions for a default judgment on liability only and that the trial court erred in entering a default judgment on the liability issue alone. Pointer contends that where damages are not liquidated or otherwise ascertainable, the court must determine the measure of the damages prior to the entry of default judgment.
Appellee Huffman responds that "the calculation of any amount due, if same must be determined, would be similar to a ministerial function, unless contested."
The Comment to Rule 55 lends Pointer limited support. One portion of the Comment says, "Damages must be fixed before an entry of default can become a default judgment. . . ." Another portion of the Comment states, "[A] final default judgment is not possible against a party in default until the measure of recovery has been ascertained, which typically requires a hearing, in which the defaulting party may participate. . . ."
A similar factual situation was under review by this Court inGuaranty National Insurance Co. v. Pittman, 501 So.2d 377
(Miss. 1987). Although the propriety of the subsequent hearing on damages was not an issue, the opinion expressly recognized that default judgment may be granted subject to an inquiry on damages.Id. at 380. See also Wright Miller, Default Judgments, § 2688, p. 448.
The Comment to M.R.C.P. 55 contemplates a final default judgment for purposes of estoppel by judgment or for appeal. The default judgment on the issue of liability in the instant case was more in the nature of a partial default judgment which would not become whole until damages were assessed.[3] Although Rule 55 does not speak directly to partial default judgment, it does contain this provision in Rule 55(b): "If in order to enable the court to enter judgment or to carry it into effect it is necessary to take an account or to determine the amount of damages . . . the court may conduct such hearing . . . as it deems necessary and proper."
This Court holds that the above-mentioned portion of M.R.C.P. 55(b) allows the court to hold subsequent hearings in order to carry a default judgment into effect. Therefore, the trial judge committed no error in entering default judgment on the issue of liability alone.
 IV.
Did the trial court apply the wrong standard of review? *Page 875 
M.R.C.P. 55(c) provides, "For good cause shown, the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Rule 60(b) provides as follows:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
 (1) fraud, misrepresentation, or other misconduct of an adverse party;
 (2) accident or mistake;
 (3) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
 (4) the judgment is void;
 (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application;
 (6) any other reason justifying relief from the judgment.
Rule 55(c) provides relief from the entry of default by the clerk, whereas Rule 60(b) provides relief from final judgment, orders, or proceedings.
Pointer contends that since the entry of default judgment on the issue of liability was improper, only the "entry of default" by the clerk was properly before the trial court which should have applied Rule 55(c). Pointer preferred Rule 55(c) because of its "for good cause shown" criteria, under which the court may consider whether the default was caused by a good-faith mistake or excusable neglect. See Comment, M.R.C.P. 55.
Since this Court has concluded that the default judgment on liability alone was proper, should the trial court have applied Rule 55(c) or 60(b)?
Although partial in nature, the default judgment in the instant case was more than the mere entry of default by the clerk. For that reason, this Court holds the trial judge committed no error in proceeding under Rule 60(b) instead of Rule 55(c).
 V.
Did the trial court abuse its discretion in denying Pointer's motion to set aside the defaults and default judgments?
While default judgments are not favored in the law, it does not follow that a party seeking relief from a default judgment is entitled to that relief as a matter of right. Rather, application for default judgment is addressed to the sound discretion of the trial court. Guaranty National Ins. Co. v. Pittman,501 So.2d 377, 387-8 (Miss. 1987); Shannon v. Henson, 499 So.2d 758, 763 (Miss. 1986); Bryant, Inc. v. Walters, 493 So.2d 933, 937 (Miss. 1986).
The trial court's discretion "must be exercised in accordance with the provisions of Rules 55(c) and 60(b) as well as the supplementary criteria given validity in the decisions of this Court. So measured, the trial court's exercise of its discretion may be disturbed only where it has been abused." GuarantyNational Insurance Co. v. Pittman, 501 So.2d at 388.
The trial court was correct to proceed under Rule 60(b) instead of Rule 55(c). Pointer argues, in the alternative, that he is entitled to relief under Rule 60(b) because "the judgment is void" and there are "other reason[s] justifying relief from the judgment."
 A. Was the judgment void?
Under this issue, Pointer renews his arguments concerning the propriety of the service of process by Cleve Dale and the effect the service had on the default judgment. Pointer argues the service of process was not made in accordance with Miss. Code Ann. § 19-25-37 (1972) and, as a result, the default judgment was void because the trial court had no jurisdiction. The Court has previously answered this question adversely to Pointer's argument. *Page 876 
 B. Were there other reasons justifying relief from the default judgment?
Rule 60(b)(6), from which the language above is derived, is described as a "grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses, or when it is uncertain that one or more of the preceding clauses afford relief." Moore's Federal Practice
Vol. 7, § 60.27 p. 60-295 (1985). See also, Bryant, Inc. v.Walters, 493 So.2d at 939.
Likewise, this Court recently described Rule 60(b)(6) as follows:
 Ascertaining the meaning of the provisions of Rule 55(c) and Rule 60(b)(5) and (6) with any degree of precision simply may not be done for the language is hopelessly open textured. A consideration of the criteria of those rules together boils down almost to a balancing of the equities — in whose favor do they preponderate, the plaintiff or the defendant?
Guaranty National Ins. Co., 501 So.2d at 388.
This Court addressed the guidelines to be applied by a trial court in the exercise of its discretion as:
(1) Whether there was a bona fide excuse for the failure to answer timely;
(2) Whether the party in default had a colorable defense on the merits, thus indicating that a party is not indicating that the party seeking a delay; and
(3) Whether prejudice would result to the non-offending party if the decree is set aside. International Paper Co. v. Basila,460 So.2d 1202 (Miss. 1984).
The record supports that the trial court attempted a balancing of equities following these guidelines. Considered were the factors that Pointer mailed the information to the proper company officers and that he heard nothing of the lawsuit until he discovered default judgment had been entered against him. Pointer contends default was unintentional and was the result of his complete reliance on his insurance carrier to take all necessary action. The trial judge pointed out that Pointer never took any follow-up action to determine whether the papers were received by the proper officials or whether an answer to the complaint had been filed; Pointer was a very astute businessman with years of experience dealing with insurance claims and litigation; Pointer was less than ten minutes away from the Sardis courthouse where the suit was filed; Pointer could have made a local telephone call to the Circuit Clerk of Panola County; and Pointer made no effort to seek local counsel or to ask for an extension of time which would have been routinely granted.
Further, Pointer testified that if the default judgment was set aside, he would be ready to defend the case against him at the next term of court and would pay the reasonable costs associated with the default if the court set it aside to prevent prejudice to Huffman.
Pointer also testified concerning his defense to Huffman's claim. The existence of a colorable defense on the merits "is a factor which should often be sufficient to justify vacation of a judgment entered by default." Guaranty National Ins. Co. v.Pittman, 501 So.2d at 388. See also, Shannon v. Henson, 499 So.2d at 763 (Miss. 1986); Bryant, Inc. v. Walters, 493 So.2d at 937 (Miss. 1986); International Paper Co. v. Basila,460 So.2d 1202, 1204 (Miss. 1984).
The gist of Huffman's claim is the failure of Pointer to include worker's compensation coverage in an insurance package. However, the testimony of Pointer indicates there is an important factual issue which goes to the very heart of Huffman's claim. Mr. Pointer's testimony indicates a colorable defense in that Huffman voluntarily chose not to include worker's compensation insurance within his insurance package. The resolution of that factual issue in favor of Pointer would negate the presence of any basis of liability.
To be sure, Monroe Pointer could have been more diligent in his actions to defend this suit. The trial court, in the exercise of his discretion, so held, and this Court finds no abuse of this discretion. *Page 877 
The judgment of the trial court is affirmed as the liability determination, and the case is remanded for the hearing on inquiry as to damages.
AFFIRMED AND REMANDED FOR A HEARING ON DAMAGES.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
[1] M.R.C.P. 4, adopted May 26, 1981 and effective January 1, 1982, was amended March 8, 1982 to provide as mentioned above, effective May 1, 1982. On December 28, 1984, this Court adopted the present Rule 4 to be effective in all civil actions filed after March 1, 1985.
[2] This case was commenced December 28, 1984 and is wholly subject to the Mississippi Rules of Civil Procedure. Under M.R.C.P. 81(e), writs as forms of proceedings were abolished. Litigants now may seek relief by motions or actions seeking such relief. See, Dungan v. Dick Moore, Inc., 463 So.2d 1094, 1097, N. 2 (Miss. 1985).
[3] Under pre-rules procedure, interlocutory judgments were taken on which writs of inquiry were awarded. Once the writ of inquiry was executed and judgment was rendered thereon, the judgment was final. See Miss. Code Ann. § 11-7-171 (1972).