648 So.2d 58 (1994)
Thomas AMERSON
v.
STATE of Mississippi.
No. 91-KA-0995.
Supreme Court of Mississippi.
December 8, 1994.
*59 Leslie C. Gates, Meridian, for appellant.
Michael C. Moore, Atty. Gen., Alice D. Wise, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and SULLIVAN and PITTMAN, JJ.
PITTMAN, Justice, for the Court:

STATEMENT OF THE CASE
Thomas Amerson was convicted of simple assault on a law enforcement officer on July 31, 1991, in Circuit Court of Lauderdale County, Mississippi. Amerson was sentenced as a habitual offender under Miss. Code Ann. § 99-19-81 (Supp. 1991) for five years without possibility of parole to be served consecutively with his other sentences in the custody of the Mississippi Department of Corrections. On this conviction, Amerson brings this appeal.
Amerson was convicted of simple assault upon a law enforcement officer under Miss. Code Ann. § 97-3-7 and sentenced as a habitual offender under Miss. Code Ann. § 99-19-81 (Supp. 1991). Aggrieved by the finding of the lower court, Amerson perfects this appeal and asserts that the trial court erred by concluding as a matter of law that Fredwrick Young was a law enforcement officer acting within the scope of his duties at the time of the offense.
We find that the trial court did not err in its findings and further hold that Deputy Sheriff Young was a law enforcement officer acting within the scope of his duties at the time of the offense.

STATEMENT OF THE FACTS
Lauderdale County Deputy Sheriff Fredwrick Young was sworn in on May 14, 1990 and approved by the board of supervisors on May 21, 1990. Young took the oath of office taken by all deputy sheriffs of Lauderdale County and carried an identification card signed by the sheriff. Sheriff Miller assigned Young the duty of jailer.
While performing his duties at the jail on March 20, 1991, Deputy Sheriff Young took an inmate, Kenny Lanier, from his cell on the sixth floor of the jail which he shared with two other inmates, Larry Maxwell and Thomas Amerson, to use the phone on the fifth floor. Young was accompanied by Deputy Sheriff Alfredo Santiago. When the deputies returned Lanier to his cell, inmate Larry Maxwell asked to make a call. Young told Maxwell that he needed to get permission from the sergeant. Maxwell began arguing about making a phone call. Suddenly Maxwell and Amerson, armed with a broom stick, bolted out of the cell. When the door swung open, Amerson caught Deputy Young by the neck. The whole group wrestled through the lobby into the waiting room of the jail and fell across a table which broke. Deputy Young landed on the bottom of the pile. Amerson then held Young by his legs while Maxwell hit him three times in the face. Deputy Santiago was trying to pull Lanier off Young during the scuffle. Amerson then drew back the broom stick to hit Young when a jail trustee, Larry Phillips, intercepted them. Two other jail trustees, Johnny Lewis Lanier and Raymond Brown, and two deputies, Vincent and Reeves, quelled the fight and put the inmates back in their cell. Deputy Young suffered a cut, a black eye, and several bruises.
At a hearing on a motion to quash the indictment, Sheriff Tom Miller testified that Deputy Young had law enforcement authority in the jail, such as authority to make arrests, but Young did not have law enforcement authority outside the jail nor authority to carry a firearm. Sheriff Miller testified that Deputy Young had not yet attended the law enforcement training academy as required by Miss. Code Ann. § 19-25-19 within *60 one year of appointment. The incident occurred prior to the end of the first year of Young's employment; however, Young failed to meet the deadline of one year for attendance at the academy. Mike Vick, Chief Deputy of the Lauderdale County Sheriff's Department, stated that unless a deputy's primary duties are law enforcement, he is not required to go to the law enforcement training academy. Vick added that Deputy Young had not been to the academy because he did not fall under the minimum standard requirement for academy training by the Board of Law Enforcement Officer Standards and Training.
Amerson waived his right to a jury trial. At trial Deputy Young testified that he took the oath of office of deputy sheriffs, and that he had a sheriff's identification card. Young testified that he was a jailer with authority to make arrests for attempted escapes or other crimes that occurred in the jail. Young stated that he was qualified to carry a shotgun but not a handgun outside the jail. Young described how Amerson grabbed and held his legs while Maxwell hit him in the face and then threatened him with a broom handle during the fight. Wilfred Santiago, a deputy sheriff at the time of the incident, testified that he and Deputy Young were dressed in their uniforms at the time of the fight and described the events that occurred.

DISCUSSION OF THE LAW

Standard of Review
For review of the findings of a trial judge sitting without a jury, this Court will reverse "only where the findings of the trial judge are manifestly erroneous or clearly wrong." Barnes v. Confidential Party, 628 So.2d 283, 290 (Miss. 1993).

I. DID THE TRIAL COURT ERROR BY CONCLUDING AS A MATTER OF LAW THAT FREDWRICK YOUNG WAS A LAW ENFORCEMENT OFFICER ACTING WITHIN THE SCOPE OF HIS DUTIES AT THE TIME OF THE OFFENSE.[1]
The trial court did not error in finding Young was a "law enforcement officer" because Young was a de jure officer within the scope of his duties at the time of the offense.[2]
Under Miss. Code Ann. § 19-25-19 (Supp. 1993) a sheriff has the authority to appoint deputies to assist him in carrying out the duties of his office. This statute requires the appointment to be in writing and reads further that "every deputy sheriff, except such as may be appointed to do a particular act, before he enters on the duties of office, shall take and subscribe an oath faithfully to execute the office of deputy sheriff, according to the best of his skill and judgment." Miss. Code Ann. § 19-25-19 (Supp. 1993). Testimony presented by Young and Sheriff Miller as well as documents submitted showed that Young was appointed by Sheriff Miller to act as jailer. Young took an oath to perform the duties of jailer, a limited job not inclusive of broad law enforcement duties. Sheriff Miller gave Young a signed identification card and uniform, both of which Young was wearing at the time of the altercation. The appointment had been reported to the Lauderdale County Board of Supervisors. Young met and likely went beyond the requirements for appointment of special deputy sheriffs. Because of the validity of his appointment and the nature of his duties, Young qualifies as a de jure officer.
Amerson counterargues that Young cannot be considered a de jure officer because Young did not attend the training academy as required by Miss. Code Ann. § 45-6-3(c). Miss. Code Ann. § 45-6-3(c) defines "law enforcement officer" as

*61 any person appointed or employed full time by the state or any political subdivision thereof, who is duly sworn and vested with authority to bear arms and make arrests, and whose primary responsibility is the prevention and detection of crime, the apprehension of criminals and the enforcement of the criminal and traffic laws of this state and/or ordinances of any political subdivision thereof. However, the term "law enforcement officer" shall not mean or include any elected official or any person employed as assistant to or investigator for a district attorney in this state.
.....
Miss. Code Ann. § 45-6-3(c) establishes the requirements for training of law enforcement officers who have been given traditional law enforcement duties. This statute is titled "Law Enforcement Officer Training Program." Training requirements and the application thereof are not dispositive of the issue at hand. We find that Miss. Code Ann. § 45-6-3(c) is not applicable to the case sub judice.
In Carty v. State, 421 N.E.2d 1151, 1153 (Ind. Ct. App. 1981), the court considered a comparable situation where the defendant argued that the victim was not an officer within the meaning of the statute which enhanced the penalty for battery against a law enforcement officer. The defendant in Carty cited to a training statute definition for law enforcement officers for support of this proposition. The Carty court similarly found that the definition of "law enforcement officer" found in Indiana's mandatory training statute was not applicable.
Even if the training statute were found to apply, Young had one year to complete his training. This altercation occurred during Young's grace period for training so that, again, Young's failure to attend the academy is not dispositive of the real issue of an assault on an officer. Young sufficiently meets the qualifications of deputy sheriff/jailer to be considered a de jure officer within the meaning of "officer" found in Miss. Code Ann. § 97-3-7.
Though we find that Young was a de jure deputy sheriff, we are of the opinion that the existence of a de jure deputy is not essential for conviction under Miss. Code Ann. § 97-3-7. Thus, we additionally hold that Amerson's conviction would stand if Young was a de facto officer acting within the scope of his duties and under the color of appointment at the time of the altercation.
What is a de facto deputy sheriff? One who holds office under the color of appointment and discharges the purported duties of officer in full view of public, without being an intruder or usurper, is at least a de facto official. Carty v. State, 421 N.E.2d 1151, 1153 (Ind. Ct. App. 1981). A vital element of the de facto status of a deputy sheriff requires that the person be acting pursuant to the control and approval and with consent of the Sheriff. Arizona v. Ovens, 4 Ariz. App. 591, 422 P.2d 719 (1967). Generally, other jurisdictions have held that acting under color of appointment or less was sufficient to find de facto status. See Malone v. State, 406 So.2d 1060, 1062 (Ala. 1981) (failing to file bond and copy of appointment did not preclude finding de facto status); and State v. Rodgers, 2 Neb. App. 360, 509 N.W.2d 668, 671 (1993) (finding that deputy sheriff acting under color of appointment was such officer de facto). Some jurisdictions have found that a deputy sheriff failed to qualify as a de facto sheriff due to a failure to file a bond as required by statute. Zanks v. Fluckiger, 22 Conn. Supp. 311, 171 A.2d 86, 87 (1961) (holding that appointee could not qualify as de facto deputy sheriff until he posted bond); Murphy v. Oklahoma, 95 Okla. Crim. 333, 245 P.2d 741, 743 (1952) (holding that failure to meet bond requirement precluded de facto sheriff status). Because Mississippi does not require a bond, these cases are distinguishable. In Bolding, this Court recognized that "one acting generally as a deputy sheriff, under written appointment from the sheriff, although not having qualified according to law, is a de facto officer and as between third parties his actions are valid." Alabama and V.R. Co. v. Bolding, 69 Miss. 255, 263, 13 So. 844, 846 (1891).[3]
*62 This Court finds that as to Amerson, a third party, Young's actions as a deputy sheriff were valid. Even if any deficiencies existed in Young's appointment as deputy sheriff, Young would still have been a de facto deputy sheriff when Amerson assaulted Young. Young was acting as jailer under the appointment of Sheriff Miller and pursuant to the control, approval and consent of Sheriff Miller. At the time of the altercation, Deputy Young was dressed in his uniform and wearing the identification badge signed by Sheriff Miller. Deputy Young was more than a mere bystander at the jail who became involved in a scuffle. Young was a person identifiable to the inmates as a deputy sheriff who had authority over their keep. Amerson acted against the authority he believed Young possessed. Any defects that may have existed in the appointment of Young do not negate the fact that Young was acting under the color of appointment at the time of the assault. Amerson will not be allowed to benefit from administrative failures because these failures were not readily apparent and were unknown to Amerson at the time of the assault. Thus, the Court finds that the enhanced sentencing of Amerson for simple assault against a law enforcement officer is appropriate.

CONCLUSION
This Court finds that the trial court did not err in finding Young met the definition of law enforcement officer as intended by Miss. Code Ann. § 97-3-7. The Court finds that Young qualifies for de jure status given the evidence regarding the appointment of Young as a deputy sheriff. We also find that Young was a de facto deputy sheriff because he was acting under the color of appointment and pursuant to the control of the sheriff. It follows that any assault upon Deputy Sheriff Young, whether as a de jure or as a de facto officer, increases the penalty for simple assault. We conclude that the trial court did not manifestly err in its finding and affirm the holding of the trial court.
CONVICTION OF SIMPLE ASSAULT ON A LAW ENFORCEMENT OFFICER AND SENTENCE OF FIVE (5) YEARS AS A HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED. SENTENCE TO RUN CONSECUTIVELY WITH THE SENTENCES HE IS NOW SERVING.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, BANKS, McRAE, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.
NOTES
[1] Neither Amerson nor the State actually dispute that Young was performing the duties of a jailer at the time of the altercation. Rather, the dispute centers around the legitimacy of Young performing these duties.
[2] "In considering a statute passed by the legislature, the first question the court should decide is whether the statute is ambiguous. If not ambiguous, then the court should simply apply the statute according to its plain meaning and not use principles of statutory construction. Whether the statute is ambiguous, or not, the ultimate goal is to discern and give effect to the legislative intent." City of Natchez v. Sullivan, 612 So.2d 1087, 1089 (Miss. 1992).
[3] In Pointer, this court found that the authorization of a special deputy to do a special act must be by the sheriff in writing, but such appointment need not, as in the case of a regular deputy, be filed with the clerk of the board of supervisors. Pointer v. Huffman, 509 So.2d 870 (Miss. 1987) (citing Nelson v. Nye, 43 Miss. 124, 128 (Miss. 1870)).