# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-KA-00624-SCT

*ANTHONY CULP a/k/a SHERMAN ANTHONY CULP*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/09/97 |
| TRIAL JUDGE: | HON. FRANK ALLISON RUSSELL |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM C. BRISTOW |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEWITT T. ALLRED, III |
| DISTRICT ATTORNEY: | DENNIS FARRIS |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 06/25/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/16/98 |

**BEFORE SULLIVAN, P.J., ROBERTS AND WALLER, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. Anthony Culp was tried and convicted of the crime of the crime of conspiracy to sell, transfer, or distribute cocaine in Lee County, Mississippi by Circuit Judge Frank A. Russell, sitting without a jury.

¶2. Culp was sentenced to a term of eight (8) years in the custody of the Mississippi Department of Corrections to be served concurrently with another sentence imposed on Culp in Cause No. CR94-275. Culp asserts that the trial court should have granted his motion for directed verdict at the end of the state's case and at the close of the defendant's case. Culp further contends that the verdict was against the overwhelming weight of evidence and he should have been granted a motion for JNOV.

¶3. We find Culp's assignments of error to be without merit and the conviction and sentence of the Circuit Court of Lee County, Mississippi are affirmed.

¶4. The facts of this case involve the scenario of an undercover officer accompanied by a confidential

informant making a drug buy. Paul Mills, the officer, testified that William Betts got into the car with them on the night of July 14, 1993, in Tupelo, Mississippi, and asked them what they needed. When Mills replied "a 20", Betts directed him to drive to another location saying he would have to go and get it from somebody.

¶5. The testimony of Officer Mills is that he watched Betts walk up to the defendant Culp and hand him $20.00 of buy funds and then he saw Culp give something back to Betts. Betts returned to the car, produced a rock of cocaine and gave it to Officer Mills.

¶6. Officer Mills testified that he could not hear the conversation between Betts and Culp and was not able to see the rock exchange hands from that distance but he did see Betts' hand at all times. It was further said that when he and the confidential informant prepared to leave, Culp came to the passenger side window of their car and "ask him if he got what he wanted. And that in the future that he did not need to go through anybody else that he just needed to come to him."

¶7. At the conclusion of the testimony of Mills, the State rested and Culp's motion for directed verdict was overruled.

¶8. Culp was the only witness for the defense and in his testimony he denied knowing William Betts and said that he never transferred drugs and more specifically that he never handed Betts one rock of cocaine. In essence Culp disputed all of Officer Mills' testimony.

¶9. The defense again moved for a directed verdict which was denied and neither party presented a closing argument.

¶10. Based on the conflicting testimony before him the trial judge by weighing the credibility of the two witnesses found Mr. Culp guilty beyond a reasonable doubt.

## Standard of Review

¶11. We have stated, "For review of the findings of a trial judge sitting without a jury, this Court will reverse 'only where the findings of the trial judge are manifestly erroneous or clearly wrong.'" *Amerson v. State*, 648 So. 2d 58, 60 (Miss. 1994) (*quoting* ***Barnes v. Confidential Party***, 628 So.2d 283, 290 (Miss.1993)); *See also* ***Schmitt v. State***, 560 So. 2d 148, 151 (Miss. 1990). The trial judge has sole authority to determine the credibility of the witnesses when sitting as trier of fact in a bench trial. ***Rice Researchers, Inc. v. Hiter***, 512 So.2d 1259, 1265 (Miss.1987). Where the evidence is contradictory, this Court "generally must affirm." ***Lesley v. State***, 606 So.2d 1084, 1091 (Miss.1992) (citations omitted).

**I. The trial court erred in denying the Appellant's motions for Directed Verdict at the close of the State's case in chief and at the close of the Defendant's case in chief.**

**II. The verdict of the trial court was against the overwhelming weight of the evidence presented at trial and the trial court erred in its failure to grant the Defendant's Motion for JNOV.**

¶12. As both issues on appeal concern the sufficiency of evidence, they will be discussed together. Culp argues that the evidence and proof presented at trial is wholly lacking and is insufficient to

prove beyond a reasonable doubt that he is guilty of conspiring with Betts to sell, transfer or distribute cocaine. Culp argues that even assuming that the testimony of Officer Mills is true, the State did not exclude the possibility that Betts had purchased or obtained a rock of cocaine from the defendant, and then Betts, on his own, without any participation from Culp, engaged in a separate and distinct illicit drug transaction with Officer Mills and the confidential informant. This may have merit had the trial judge not found that Culp's conversation with Mills subsequent to the transaction shows that Culp transferred the cocaine to Betts with the intent and knowledge that it would be transferred by Betts to Mills. The trial court stated, "The crucial testimony offered by Officer Mills, under oath, that Mr. Culp approached the car thereafter and gave -- and made a statement concerning whether or not he was satisfied, and also instructions about future purchases on The Hill." Culp contends that this was merely an invitation to engage in future criminal activity and that an invitation to engage in criminal activity subsequent to two separate and distinct drug transactions cannot and does not link the two transactions into one, nor does it link all persons involved in the two separate and distinct transactions as conspirators in one transaction.

¶13. The only case law cited by Culp in support of his contention that the verdict is contrary to the weight of the evidence is *McDonald v. State*, 454 So. 2d 488 (Miss. 1984). In *McDonald* this Court stated, "To constitute an individual a co-conspirator, there must be a recognition on his part that he is entering into some kind of common plan, and knowingly intends to further its common purpose." *Id.* at 495. Culp argues that the mere fact that Culp may have associated with Betts does not prove that he participated in a conspiracy. The facts of the *McDonald* case are much different than this. In *McDonald*, this Court found that the defendant was trying to extricate his brother and very good friend. Although he may have been guilty of accessory after the fact, the Court found that there was insufficient evidence that the defendant did anything but try to help others from getting caught after they had stored a quantity of marijuana at another friend's house. Consequently this Court reversed his conviction and sentence. *Id.* at 490-91, 495.

¶14. In this case, the evidence was legally sufficient, because the testimony of Officer Mills, if believed by the trier of fact, established all the elements of the crime charged. Mills testified that he watched Betts walk about twenty feet to where another individual was standing who he identified as the defendant Culp. Mills testified that he observed Betts hand Culp the $20.00 of buy funds and he saw Culp give something back to Betts and then without putting his hands in his pocket, Betts returned to the car, opened his hand, and produced a rock of cocaine which he handed to Officer Mills. Mills further testified that as he and the confidential informant prepared to leave, Culp came to the passenger side window of their car where Mills was seated, and "asked me if I got what I wanted. He then further stated that from then on I did not have to go through anybody else, that I just needed to come to him."This testimony does indicate that Culp knew "he [was] entering into some kind of common plan, and knowingly intend[ed] to further its common purpose." *McDonald*, 454 So. 2d at 495. As previously quoted by this Court:

> . . . The conspiracy agreement need not be formal or express, but may be inferred from the circumstances, particularly by declarations, acts, and conduct of the alleged conspirators. Furthermore, the existence of a conspiracy, and a defendant's membership in it, may be proved entirely by circumstantial evidence.

*Franklin v. State*, 676 So. 2d 287 (Miss. 1996) (*quoting **Nixon v. State***, 533 So. 2d 1078, 1092

(Miss. 1987)). Based on Officer Mills' testimony, the conduct, circumstances and the comment that Mills said Culp made to him after the transaction was completed is sufficient to support the charge of conspiracy to sell, transfer or distribute cocaine. This Court affirms Culp's conviction and sentence.

## CONCLUSION

¶15. There is nothing in the record to support that the verdict was the result of prejudice or bias and the testimony of Officer Mills ,which necessarily was believed by the trial judge, supports each element of the crime of conspiracy. For the foregoing reasons, We affirm the trial court's conviction and sentence.

¶16. **CONVICTION OF CONSPIRACY TO SELL, TRANSFER OR DISTRIBUTE CRACK COCAINE AND SENTENCE OF EIGHT (8) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED. THIS SENTENCE SHALL RUN CONCURRENTLY WITH THE SENTENCE IN CAUSE NUMBER CR94-275.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, McRAE, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR.**