KING, C.J.,
for the Court.
¶ 1. The Tunica County Circuit Court dismissed with prejudice Raymond Kirk’s complaint against James Crump, and others, as both individuals and as officials of Tunica County. Aggrieved by this dismissal, Kirk has appealed. Kirk’s issues on appeal will be stated as addressed.
STATEMENT OF FACTS
¶2. On February 27, 1998, at approximately 7:00 p.m. Raymond Kirk checked into the Gold Strike Casino in Tunica, Mississippi. Kirk, a resident of Georgia, had come to Tunica to attend the Mid-South Gin Show in Memphis, Tennessee on behalf of the agricultural products company for which he worked.
¶ 3. Kirk checked into his room and after “freshening up” went downstairs to eat dinner. After dinner, Kirk proceeded to the casino and played Caribbean poker and blackjack for approximately two hours. According to Kirk, after having lost several hundred dollars and drinking not more than five beers, he took a seat in one of Gold Strike’s private poker rooms. Kirk won between three and four hundred dollars playing poker.
¶ 4. At about 2 a.m., after receiving a report that Kirk had threatened to kill a dealer, Jimmy Burns, the casino night shift security supervisor, approached Kirk and asked him to leave the casino. Kirk refused to leave the area and demanded that he be given the opportunity to confront his accuser. After about ten minutes of arguing, Kirk agreed to accompany Burns to a casino detention room.
¶ 5. The remaining portion of the disturbance occurred in the casino detention room, and was captured on the casino surveillance video tape. The tape indicated that Kirk denied having threatened anyone, and demanded the opportunity to confront his accusers. Casino personnel declined to set up a confrontation with Kirk’s accusers, and again asked Kirk to leave the casino. After they were informed that Kirk had already checked into a room at the Gold Strike, Burns asked Kirk to retire to his room for the night. Kirk re *743 fused and repeatedly stated that the casino had to give him the opportunity to confront his accusers, or he wanted to be taken to jail.
¶ 6. Burns contacted the Tunica County Sheriffs Office, which dispatched Deputy James Crump to Gold Strike. [1]
¶ 7. After Burns walked back into the detention room the video indicates that the following dialogue ensued:
BURNS: You are telling me that you’re not going to your room for the rest of the night. Is that what you are telling me?
KIRK: I want the person who said I threatened to kill somebody .... [to Burns] you lighten up now man.
BURNS: I am not doing that.
KIRK: Do you know what kind of trouble you’re in right now?
BURNS: Ok, listen to me.
KIRK: You bring that person in here right now. I’m not going anywhere.
BURNS: I am not doing that.
KIRK: You better do it.
BURNS: Not doing it.
KIRK: I’m going to jail.
BURNS: Yes, sir.
KIRK: Alright, let’s go.
BURNS: Just have a seat right there.
KIRK: I’m going to jail.
BURNS: Have a seat right there, they’re on their way.
¶ 8. After a few minutes, Officer Crump entered the detention room, and immediately asked Kirk for his driver’s license. Kirk asked what he was being charged with, and Officer Crump replied “trespassing and disorderly conduct.” As Kirk attempted to explain the situation, Officer Crump directed Kirk to stand up. Kirk demanded several times to see the charges against him, claiming he had the right to see the charges on paper. Officer Crump never produced any paperwork, but instead handcuffed Kirk. After Kirk was already in handcuffs and under arrest, a casino security guard read him the elements of a trespassing “warning” from the Mississippi Code, and told him that if he did not leave the casino he would be arrested. The video indicated that Kirk in no way resisted being placed under arrest.
¶ 9. Casino security requested that Kirk submit to a photograph for future reference by casino personnel. This photograph would be used to exclude Kirk from casino properties operated by Gold Strike. This practice is commonly called an “86” picture. Kirk refused to take the picture, and stated “we’re not in jail” and “you’re not going to take a picture of me now,” then turned and faced the wall. Several times Officer Crump directed Kirk to submit to the photograph. After Kirk declined to submit to the photograph for Gold Strike, Officer Crump grabbed Kirk’s arm and attempted to pull him around to face the camera. Kirk, who was still handcuffed, pulled away and moved further down the wall. Officer Crump then stepped behind Kirk, placed him in a choke hold, and slammed him to the floor. As Kirk lay on his side with his hands cuffed behind his back, Officer Crump held his head upward, and the casino personnel took the “86” picture of Kirk. Officer Crump then pulled Kirk into a sitting position and held his head up for another “86” picture. Afterwards, as Kirk lay motionless on the floor, Officer Crump yelled at him again to stand up, and stated “you better stand up or it’s going to hurt worse.”
¶ 10. Kirk was transported to the Tuni-ca County Sheriffs Department, and booked for disorderly conduct and trespassing. Kirk remained in jail overnight and posted bail the next morning.
*744 ¶ 11. Subsequent to Kirk’s release from jail, Gold Strike Casino filed an affidavit in the Justice Court of Tunica County charging Kirk with the misdemeanors of trespassing and disorderly conduct. Officer Crump also filed charges against Kirk for assault and resisting arrest. The justice court convicted Kirk of trespassing, but the disorderly conduct charge was dismissed. Officer Crump failed to appear for trial, and the assault and resisting arrest charges which he filed against Kirk were also dismissed.
¶ 12. On February 24,1999, Kirk filed a complaint against James Crump, individually and in his official capacity as deputy sheriff of Tunica County; John Pickett, III individually and in his official capacity as Sheriff of Tunica County; and the County of Tunica, Mississippi, in the Circuit Court of Tunica County. On May 25, 1999, Kirk filed his first amended complaint in the circuit court.
¶ 13. On August 4, 2000, the circuit court dismissed all claims against Sheriff John Pickett, III in his individual capacity, and also all of Kirk’s claims for punitive damages, prejudgment interest, and attorney fees. The circuit court gave Kirk thirty days to amend his complaint and articulate a cause of action against the Sheriff in his individual capacity and explain why he was entitled to punitive damages, prejudgment interest or attorney fees.
¶ 14. On September 1, 2000, Kirk filed a second amended complaint against Sheriff Pickett in his individual capacity, and renewed his claims for prejudgment interest, attorney fees, and punitive damages. In his second amended complaint Kirk also added as a defendant, Western Surety Bonding Company.
¶ 15. On October 18, 2000, Sheriff Pickett and Deputy Crump filed a renewed joint motion to dismiss all claims against Sheriff Pickett in his individual capacity, and all claims for prejudgment interest, attorney fees, and punitive damages. On February 6, 2001, the trial judge again granted the defendants’ motions, and dismissed all claims against Sheriff Pickett in his individual capacity, all claims for attorney fees, punitive damages, and prejudgment interest finding the “the claim against Defendant, John Pickett, III, falls within the purview of the Mississippi Tort Claims Act,” and pursuant to the doctrine of sovereign immunity Sheriff Pickett was immune from suit in his individual capacity-
¶ 16. On August 1, 2002, Kirk filed a motion for a jury trial. On October 14, 2002, after responses from all the defendants, the trial judge ruled that the motion would be held in abeyance pending a determination by the court of whether Officer Crump’s actions constituted fraud, malice, libel, slander, defamation, or any other ' criminal offense which waived Crump’s sovereign immunity protection pursuant to Mississippi Code Annotated Section ll-46-5(2)(Rev.2002).
¶ 17. The defendant Western Surety Bonding Company settled with Kirk prior to trial, and was subsequently dismissed as a defendant.
¶ 18. On October 28, 2002, the case proceeded as a bench trial. On November 14, 2002, the trial judge entered an order dismissing with prejudice all claims against the defendants stating “this Court finds that Deputy Crump did not commit any torts in arresting and detaining the Plaintiff, nor did Sheriff Pickett commit any torts relating to the Plaintiff. There is therefore no basis to hold Tunica County liable for any damages suffered by the Plaintiff.”
¶ 19. Aggrieved by this dismissal Kirk has perfected his appeal to this Court.
*745 ISSUES AND ANALYSIS
¶ 20. In reviewing “findings of a trial judge sitting without a jury, this Court will reverse ‘only where the findings of the trial judge are manifestly erroneous or clearly wrong.’ ” Amerson v. State, 648 So.2d 58, 60 (Miss.1994). “A judge sitting without a jury has sole authority for determining credibility of the witnesses.” Rice Researchers, Inc. v. Hiter, 512 So.2d 1259, 1265 (Miss.1987).
I.
Whether the circuit court properly dismissed all claims against Sheriff Pickett in his individual and official capacity
¶ 21. Kirk contends that the trial court erred in granting summary judgment to the Sheriff in his individual and official capacity. Kirk contends that arresting casino patrons without arrest warrants and assisting the casinos in taking the “86” photographs strictly for casino use was in “wanton disregard” of his rights, and was committed with malice, and that such actions were not protected by the Mississippi Tort Claims Act (MTCA). Kirk contends that all arrests made at the casinos were effectuated according to a void public policy of the Tuni-ca County Sheriffs Office, and in direct contravention of the Mississippi statutes on arrest and detention.
¶ 22. Deputy Crump testified on cross-examination regarding the practice of the sheriffs office when responding to a call from the casino:
Q. “Okay, so each casino had one of these statute books, and the practice of the Tunica County Sheriffs Department was the sheriff deputy would talk to somebody in security and get the facts about what happened and then reach an agreement with security about what to charge these people with.
A. Right.
Although Deputy Crump testified that he arrested “probably more than twenty” people per week after dispatched on a call from a casino, we are not persuaded that the evidence was sufficiently developed to establish an official sheriffs office policy of making improper warrantless arrests of casino patrons, and assisting the casinos in taking “86” photographs. However, this Court is troubled by the suggestion that this was a common practice. Because the issue was not sufficiently developed this Court declines to hold that the trial court abused its discretion in finding that the sheriffs office was protected by the MTCA. However, this Court does note that in a properly developed case such actions may well be held to be outside the protection of the MTCA. See Miss.Code Ann. § 11-46-5 \
*746 II.
Whether the circuit court erred in finding Deputy Crump was protected by sovereign immunity
¶ 23. Kirk alleges that Officer Crump acted with malice and committed an assault while forcing him to take the “86” picture for the casino. Kirk contends that Deputy Crump’s actions were outside the scope of his employment, and were malicious because there was no legitimate law enforcement purpose which justified physical coercion to obtain an “86” photograph for the casino. Kirk contends that nothing criminal occurred in the presence of Officer Crump justifying his arrest. He contends that he did not resist arrest, but merely resisted having his picture taken by the casino by turning his face away from the camera.
¶ 24. Officer Crump’s warrantless arrest was highly questionable, and improperly performed. While the arrest was poorly performed it was a matter of legitimate government interest, and was protected by sovereign immunity.
¶ 25. However, Officer Crump physically forcing Kirk to take the “86” picture is a different matter altogether. After Kirk’s refusal to turn around, at least three times, and take the “86” picture the following dialogue ensued:
OFFICER CRUMP: I am not asking you again.
KIRK: No you’re not going to ask me again.
CRUMP: That’s right turn around so we can take a picture of you.
KIRK: You can’t do that here.
OFFICER CRUMP: Yes we can.
KIRK: You can’t.
OFFICER CRUMP: That’s what we’re going to do.
KIRK: No you can’t.
OFFICER CRUMP: Well, you can call your lawyer, come on ... turn around ... turn around.
KIRK: What are you doing?
At this point in the video Officer Crump grabbed the arm of Kirk and attempted to turn him toward the camera. Then Officer Crump, standing behind Kirk, put his right arm around Kirk’s neck, and threw him to the floor. The casino personnel then took the “86” picture of Kirk while he was lying-on his side with his hands handcuffed behind his back.
¶ 26. There was no legitimate governmental interest served by Officer Crump’s assault upon Kirk to coerce him into submitting to an “86” photograph which served no arguable public purpose, and was for the sole benefit of the casino. Officer Crump’s assault upon Kirk for the sole purpose of coercing him into submitting to an “86” picture for the casino was a criminal offense which action is outside the scope and course of employment and beyond the protection of the MTCA. See Miss.Code Ann. § 11-46-5(2) (Rev.2000).
¶ 27. In forcing Kirk to take the “86” picture and assaulting him in the process, *747 Officer Crump was acting as an agent for the casino and not as an employee of the sheriffs department. As such, he has waived the protections of sovereign immunity afforded under the provisions of MTCA, and is individually liable for his actions and any subsequent damage which they may have caused. See Miss.Code Ann. § 11-46-5(2) (Rev.2000).
III.
Whether factual issues of malice brought against law enforcement officers in their individual capacities must be decided by jury
¶ 28. Kirk alleges that Mississippi Constitution Article 8, § 31 provides that the “right of trial by jury shall remain inviolate ...” Kirk also alleges that the MTCA “allows bench trials,” but exempts crimes and does not cover acts of malice committed by governmental employees. It is Kirk’s contention that since malice, assault and battery, and false arrest and imprisonment were alleged in his complaint that a jury should have been impaneled to determine whether the officer committed these acts and if the jury determined that he did not the court would decide the issue as though the jury were an advisory panel. Kirk is in error. The MTCA requires that all actions filed pursuant to it be addressed in a bench trial. This includes non-MTCA claims, when included in a complaint with MTCA claims. The relevant portion of the MTCA, Mississippi Code Annotated Section 11-46-13 (Rev.2002) provides:
(1) Jurisdiction for any suit filed under the provisions of this chapter shall be in the court having original or concurrent jurisdiction over a cause of action upon which the claim is based. The judge of the appropriate court shall hear and determine, without a jury, any suit filed under the provisions of this chapter. Appeals may be taken in the manner provided by law.
¶ 29. Having found that Officer Crump’s actions are not protected by the provisions of sovereign immunity, upon remand Kirk is entitled to a jury trial on the issue of Officer Crump’s individual liability for assault. Article 3, Section 31 of the Mississippi Constitution provides that the right to trial by jury shall remain inviolate. Isaac v. McMorris, 461 So.2d 714, 715 (Miss.1984) (citations omitted). “This Court has interpreted that constitutional provision to apply to all cases where the right to trial by jury existed at common law.” Id.
¶ 30. The allegations in Kirk’s complaint, the oral testimony and the video would certainly suggest that Officer Crump committed an assault upon Kirk, and thereby surrendered the protection afforded to him by sovereign immunity. However, that is a question of fact, which is properly resolved by the trier of fact rather than this Court. Accordingly, we reverse and remand this cause of action for a trial by jury as to Officer Crump’s individual liability.
¶ 31. THE JUDGMENT OF THE CIRCUIT COURT OF TUNICA COUNTY IS HEREBY AFFIRMED AS TO THE DISMISSAL OF ALL CLAIMS AGAINST SHERIFF JOHN PICKETT, THE COUNTY OF TUNICA, AND DEPUTY JAMES CRUMP IN HIS OFFICIAL CAPACITY, BUT IS REVERSED AND REMANDED FOR A NEW TRIAL ON THE ISSUE OF OFFICER JAMES CRUMP’S INDIVIDUAL LIABILITY. ALL COSTS OF THIS APPEAL ARE TAXED TO THE APPELLEES.
*748 BRIDGES AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, AND GRIFFIS, JJ., CONCUR.
CHANDLER, J., DISSENTS WITHOUT WRITTEN OPINION.

. Miss.Code Ann. § 11-46-5(1) : Waiver of Immunity; course and scope of employment; presumptions. Notwithstanding the immunity granted in Section 11-46-3, or the provisions of any other law to the contrary, the immunity of the state and its political subdivisions from claims for money damages arising out of the torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment is hereby waived from and after July 1, 1993, as to the state, and from and after October 1, 1993, as to political subdivisions; provided, however, immunity of a governmental entity in any such case shall be waived only to the extent of the maximum amount of liability provided for in Section 11-46-15.
(2) For the purposes of this chapter an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee’s conduct constituted fraud, malice, libel, slander, defamation or any *746 criminal offense other than traffic violations.
(3) For the purposes of this chapter and not otherwise, it shall be a rebuttable presumption that any act or omission of an employee within the time and at the place of his employment is within the course and scope of his employment.
(4) Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.